## JOHN FRAZER *v.* D. M. PRITCHARD, Sheriff, et al.

The plaintiff had purchased a tract of land in the name of his two minor children, reserving the usufruct for his wife during her life. A creditor, who had obtained judgment against him prior to the date of the purchase, caused the land to be seized on execution. There was no satisfactory evidence that the plaintiff was indebted to his children. *Held*: That the purchase of property, in the name of his children, was a simulation, which the creditor might disregard, and cause the property to be seized.

APPEAL from the District Court of Catahoula, *Barry, J. McGuire* and *Ray*, for plaintiff. *O. Mayo*, for defendants. The judgment of the court was pronounced by

ROST, J. The plaintiff in injunction, *John Frazer*, purchased a tract of land in the name of his two minor children, and inserted a stipulation in the act, that his second wife, the step-mother of the minors, should have the usufruct of it during her natural life. He paid part of the price cash, and gave for the remainder his promissory notes, which, we infer from the evidence, have been nearly paid in full by him. *B. McFeely*, who had obtained a judgment against *Frazer* before the date of this purchase, caused the land to be seized as his property, and *Frazer* enjoined the sale in the name of his children, on the ground that the land belonged to them. After hearing, the injunction was dissolved, with damages, and the seizing creditor allowed to proceed under his execution. The plaintiff has appealed.

There is no satisfactory evidence in the record that *Frazer* was indebted to his children, and the purchase does not purport to be made as an investment of their funds. If it had been, what right had the tutor to stipulate that their step-mother should retain the usufruct of the property. It was clearly a sale made to him, under which the minors acquired no right adversely to his creditors. So far as creditors are concerned, the case stands as if the sale had been made to any other person, and the price paid by the plaintiff. This is a simulation of a peculiar kind, but it is, nevertheless, simulation. As a general rule, any false designation of parties in a deed is a simulation, and any third person, having an interest may, at all times, and in all forms of action, show the truth which the simulation conceals, and avail himself of it.

The rights of the minors, if any they had, are sufficiently secured by the legal mortgage which the law gives them on the property seized.

Judgment is therefore affirmed, with costs.