WILLIAM WOOTERS *v.* ELLEN FEENY, wife of HOGAN.

12  449
47  965
12  449
118  464

When a husband had voluntarily lived separate and apart, and the wife during that time had pur-
chased real estate, the title to which, being on record in the name of the wife, as a donation made
to her individually, was subsequently acquired by an innocent third person in good faith, under a
chain of title from the wife, it was *held* that the husband could not, after the wife's death, recover
the property, as having belonged to the community, and having been sold by the wife without
authority.

The husband, by parol evidence, could not thus despoil the purchaser of immovable property, ac-
quired under a chain of recorded titles apparently perfect, without notice, actual or constructive,
of the husband's latent claim, which has no basis in equity.

APPEAL from the Second District Court of New Orleans, *Cotton*, Judge of
the Sixth District Court, presiding. *J. N. Brickell*, for plaintiff and ap-
pellant. *Benjamin, Bradford & Finney* and *Durant & Hornor*, for defendant.

SPOFFORD, J. The plaintiff seeks to recover a piece of immovable property
from the defendant, upon the ground that it formed a part of the community
between himself and his deceased wife, and was disposed of by his wife in
fraud of his rights.

The defendant bought in entire good faith, under a chain of title apparently
perfect, and without notice of any right or claim of the plaintiff. She paid a
valuable consideration, which the plaintiff does not offer to restore.

For a great many years the plaintiff and his wife lived in a state of voluntary
separation, although the community was not dissolved. She pursued a separ-
ate industry, and thereby acquired some means. It seems that she invested
them in the real property now in dispute, but to avoid being interfered with
by her husband, she did not buy it in her own name, but induced one *Bevan*
to purchase it for her benefit.

*Bevan* afterwards sold the property to *Chamberlain*. *Chamberlain* trans-
ferred it to *Mrs. Wooters*, wife of the plaintiff, by donation *inter vivos*, which
she was authorized by a competent court to accept. She afterwards sold it to
*Chamberlain*, describing herself in the act of sale as the widow of plaintiff.
*Chamberlain* sold to *Bradford*, and *Bradford* sold to the present defendant,
*Mrs. Feeny*.

These titles were duly registered. It will thus be seen that on the records
of the country the property once stood as the separate property of *Mrs. Wooters*.
It is only donations made jointly to both spouses that become community pro-
perty. C. C. 2371.

The plaintiff rests his case upon the allegation that the original purchase,
ostensibly made in the name of *Bevan*, being really made by his wife, the pro-
perty thereby fell into the community, and can be reclaimed by him in the
hands of an innocent purchaser without notice, because his wife was incapable
of alienating the community estate pending the marriage without his assent,
and because, further, she was, at the time of the alienation to *Chamberlain*,
imbecile in mind.

It is obvious, from the statement already given, that the plaintiff is seeking
to make out a title to immovable property by parol, in contradiction to written
and recorded conveyances, and against an innocent purchaser for value.

Considering the position in which the plaintiff stands, this is insufferable. He brought about the present condition of things by his own conduct. He lived apart from his wife, and unknown to the world as her husband; permitted her to manage her affairs as a *femme sole*, contributed nothing to the common fund, and during her lifetime did not pretend to have any interest in her affairs. He now produces no written title. The written titles which exist do not show that he had an interest in the property which he claims. He has no counter-letters. He complains that his wife, who made everything she had by her personal industry and thrift, defrauded him of his half of her earnings by a series of simulations. If she did, his only remedy is against her heirs for a settlement of the community, or against those who confederated with her to defraud him. He cannot, by parol evidence, succeed in despoiling the defendant, who is a purchaser for a valuable consideration, of immovable property under a chain of recorded titles apparently perfect, without notice, actual or constructive, of the plaintiff's latent claim, which has no basis in equity, and is the result of his own negligence or misconduct.

The District Judge rendered a judgment of nonsuit. Both parties agree that the judgment should be either for the plaintiff or defendant. The appellee's prayer for an amendment must be allowed.

It is, therefore, ordered, that the judgment of the District Court be reversed, and that there be judgment for the defendant, with costs in both courts.

MERRICK, C. J. It is undoubtedly true that property acquired by the wife by her own industry and labor during the existence of the marriage (where there is no separation of property) falls into the community. The idea of community is based on the reciprocal industry of the spouses. But if the husband, who is the head and master of the community, suffers the title to be taken in the name of an agent, or to be made to the wife in the form of a donation to her individually, he must be presumed to have been willing to incur the risk of the faithlessness of the agent or the risk of loss of title by the death or disobedience of the wife. If he claims the property as that of the community, he ratifies the form in which it has been acquired. So here *Wooters* cannot claim that the property belonged to the community without ratifying the 'machinery by which it was effected.

But it is said that the property, having once vested in his wife or the community, could not be alienated without his authorization or that of the Judge, and the sale by *Mrs. Wooters* to *Chamberlain*, being without such authorization, conveyed no title. This objection to my mind presents the real difficulty in the case. But I think so long as *Wooters* suffered the title to remain in this form, third persons treating with the wife as owner (in virtue of the donation) in good faith and for a valuable consideration, must be considered as having acquired all the interest they could have acquired had the property really been the paraphernal property of the wife. The sale of the wife, under such circumstances, is not an absolute nullity. If the property had really been paraphernal, her heirs, and not the husband, after her decease could attack the sale. And they could not rescind the sale without restoring to the purchaser so much as her estate had been benefited by the purchase. So, too, the husband, if he would rescind such a sale on the ground that the property really belonged to the community, must restore so much as the community had been benefited by the transaction, and must not only make the purchaser and the possessor of the property a party to the suit, but also the heirs of the wife, who alone

appear from the face of the papers to be interested in rescinding or ratifying the sale made by the deceased.

The plaintiff, therefore, has not placed himself properly before the court, in order to avail himself of any supposed irregularity in the transfer.

For the foregoing reasons I concur in the decree pronounced in this case.