## No. 7801.

### SUCCESSION OF ANTOINE MITCHELL.

33 353
47 129

33 353
110 564

33 353
118 463

The process-verbal of the family meeting advising the purchase of real estate for a minor, is not a sufficient warrant for the tutor, if not homologated by the Court, and the purchase, in that case, does not bind the minor.

The subsequent approval and homologation of the tutor's account, in which the purchase is charged to the minor, cannot validate the act of the tutor done without legal authority.

The taking of possession by the minor at his majority, of the property thus purchased, is no ratification of the act of the tutor, unless an account of the tutorship with the vouchers, as required by law, has been previously rendered to him.

The minor, emancipated by marriage, has only a power of administration over her property.

When a tutor has been also administrator of the succession of his ward's parent, he cannot in rendering his account of tutorship, engraft upon it the homologated account of his administration of the succession. The latter is not binding upon the minor,

APPEAL from the Parish Court, parish of East Feliciana.  *Brame, J.*

*K. A. Cross* for the Appellee.

*W. F. Kernan* and *T. B. Lyons* for the Tutrix, Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J.  Antoine Mitchell was murdered in 1870.  He left a widow and a minor daughter.  The property, in his name, composing the community between him and his wife, was appraised at $30,644.  His life was insured for $10,000 in favor of his daughter, and for $2000 for account of his wife.

His widow qualified as administratrix and as tutrix.  Mitchell having left no will, his widow took possession as administratrix, and continued in such as usufructuary of his half in the community.  The amounts due under the policy were paid.

She proceeded, in the capacity of administratrix, to the settlement of his succession, rendered an account, showing a condition of its affairs, which was subsequently homologated by the court.  No notice was given of it to the under-tutor of the minor.

For the purpose of disposing of the $10,000 accruing to her daughter, she, in her capacity of tutrix, applied for a family meeting, which was held, and advised the investment of the money in lots and in buildings to be constructed upon them, in the town of Clinton, La.  The *procès verbal* of deliberations was filed, but no order was rendered touching it by the judge.  The tutrix, nevertheless, proceeded to the purchase of the lots and to the erection of the improvements; but not so, however, as to absorb the amount in her hands.  The property was rented and yielded revenue.

The tutrix rendered, in the course of time, an account of tutorship, showing the investment of the money, and stating the condition of the

23

business of the minor. This account of tutorship was approved contradictorily with the under-tutor.

The minor married on December 20th, 1877. Subsequently, she called for an account of tutorship from her mother and tutrix, which was rendered to her. That account includes, by reference, the two accounts previously rendered by Mrs. Mitchell as administratrix and as tutrix, and mentions the investment of the amount realized under the life insurance policy. It states the rents collected, charges the taxes paid thereon, and also the items for the personal expenses of the minor, for board and tuition, wearing apparel, etc.

This account was generally opposed by the emancipated minor, who also attacked the two previous accounts. She distinctly charges the nullity of the investment of the life policy proceeds in the lots and buildings, as having been made without legal authority, and concludes by praying that all said accounts be rejected, and that she recover from her mother and tutrix the said sum of ten thousand dollars, with legal interest from the date of her marriage.

It appears that, on the day of trial, the tutrix moved to be permitted to amend her account, so as to charge therein the sum of $7460, which she stated her husband had received from her mother's succession for her account. To the refusal of the judge to permit the amendment, a bill of exception was taken, and is insisted upon; but the view which we take of this case will not render a decision of the point necessary or useful.

The account asked by the married daughter was merely one of tutorship. The tutrix had no right thus irregularly to engraft upon it her account as administratrix, which was not called for, and which can only be rendered when the usufruct determines, or when specially ordered by the court, unless the usufructuary desires formally to render one in a direct proceeding, contradictorily with her daughter, for the purpose of establishing their respective interest in the community residue. The account, as rendered, was and is not binding upon the emancipated minor. 15 An. 121.

It is settled that it is optional with such usufructuaries either to sell the property of the community to discharge the debts, or to retain the property and pay the debts, subject to an ulterior settlement and adjustment of rights. 3 An. 489; 4 An. 385, 389.

Whatever may be the rights of the widow for having paid debts chargeable to the community, she cannot debit these to the minor, for whom the law has accepted the succession under benefit of inventory only; but the widow has a right to charge the minor with what she may have paid after the dissolution of the community for account of the

minor, and which the latter was liable for, and realize it from her money or property.

We will not, therefore, consider the account of administration as. presently being before the Court, as whatever the judgment be which; would be rendered upon it, it would be susceptible of actual *enforcement,*. neither against the usufructuary nor against the minor. We will, there-fore, eliminate all mention of it from the account of tutorship rendered to the minor, emancipated by marriage.

The item of $3089 09, placed in that account to the credit of the minor, as due by the tutrix, as shown by the first account of tutorship, must also be stricken from that account, as it represents what the tutrix considers to be the balance in her hands after the investment of the $10,000 in the lots and buildings, and application of the revenues of the same to the payment of taxes and of the minor's personal expenses.

The tutrix had no authority to invest the $10,000 in the manner she did. The law is clear that a tutor *cannot* purchase immovable prop-erty for the minor without the authority of the judge, granted on the advice of the family meeting. R. C. C. 353; 10 L. 328. The case in 11 An. p. 593, has no parity with the present one.

It was not enough for the tutrix to deposit in court the *procès verbal* of deliberations, with a petition for its approval. She should have obtained its homologation before acting. It was an essential condition precedent, to screen her from personal responsibility. 32 An. 97; 5 R. 287; 4 An. 85; 11 An. 247, 593; 6 L. 212; 1 N. S. 324; 2 L. 328; 18 An. 24; 30 An. 1131; R. C. C. 1866, '67.

But it is claimed that the investment was ratified by the court and by the emancipated minor.

The first account of tutorship presented by the tutrix mentions, it is true, the fact of the investment, the cost of the construction of the buildings, the revenue of the property, the taxes paid thereon, and shows a balance in favor of the minor. It is approved and homologated upon the consent of the under-tutor; but this action of the court could not have the effect which the decree of homologation of the delibera-tions of the family meeting would have produced had it been rendered.. It could have no retroactive effect to vivify and validate an act which was prohibited by law. It could serve as no shield to the tutrix, and is no estoppel to the minor.

It is likewise true that the lots and buildings were delivered to the emancipated minor after her marriage, and that she has since collected the rental thereof; but this cannot be construed into a confirmation or ratification by her, for several reasons. It is not shown that she was made aware of the irregularities, or knew of them, when she accepted delivery. It is not shown that before any understanding or agreement;

of that sort intervened, her tutrix had rendered her an account, accompanied with vouchers ten days before. It is not alleged, and still less proved, that she was fully emancipated. She is still a minor, not having as yet attained the age of majority.

Her marriage did not relieve her from the disabilities which attach to minors, and did not vest her with the power and right of doing and performing all acts as validly as if she had attained the age of twenty-one years. She could not, this day, mortgage or alienate real estate, or even accept a special mortgage from her husband, without the consent of a family meeting and the authority of the judge. Her powers are of administration only. R. C. C. 384, 373, 385, 1867, 1866, 2279, 2280; 3 L. 365, 492; 9 R. 36; 9 L. 571; 5 An. 692; 8 An. 513; 14 An. 691; 15 An. 505.

Not having obtained the homologation of the deliberations of the family meeting, the tutrix has made herself responsible for the consequences attending the omission. She has acquired the property not for account of her minor daughter, but for her own. She is liable not only for the sum received, but also for interest on the same. R. C. C. 347.

The minor, however, has claimed it from the date of her marriage only. She has thereby abandoned all claim to it for the time intervening between the day the sum was collected and that of her marriage. The amount thus waived must be considered as absorbed by the personal expenses of the minor. R. C. C. 350.

This view of the case dispenses us from passing upon the correctness of the items for such expenses charged to the minor in the accounts.

From the fact that the investment of the money in the lot and buildings, in the name of the minor, is not recognized as legal and valid, and that the amount is charged to the tutor, with interest from the date claimed, it follows that the rents and revenues of the property, less charges of administration paid, must be accounted for by the emancipated minor to her mother and tutrix.

The account of tutorship last rendered by the tutrix does not meet the requirements of the law. A new and entirely different one must now be rendered. She must charge herself in it with the $10,000, with legal interest since December 20th, 1877, and debit the minor with all amounts due by her for rents of the property, less charges, with legal interest from time of receipt until return of possession to the tutrix; the commission on the revenues of the minor due the tutrix; the cost of rendition of the account of tutorship; the amount due in endeavoring to bring to justice the murderer of the deceased, and the like, incurred after the death of Mitchell, and which may be due by the minor. R. C. C. 360, 1398; 349, 359, 966.

The rights which the widow, individually, as administratrix, as usufructuary, may have against the property composing the community assets, her rights to her share thereof as joint owner, as well as those which the emancipated minor has, in and to the same and otherwise, as beneficiary heir, are expressly reserved, to be set forth and vindicated when a proper opportunity shall offer. 30 An. 268; 31 An. 741.

The judgment of the lower court rejects the accounts of tutorship, annuls the investment of the ten thousand dollars in the lots and buildings; condemns the tutrix to pay that sum, with legal interest from the 20th December, 1877; recognizes the minor's mortgage; admits the administratrix as a creditor of the community, after striking from her accounts as such and as turix a number of items; reserves her rights on final settlement at the termination of the usufruct; amends the accounts in some particulars, and finally homologates the accounts as amended.

It has passed upon matters not properly before the court. It is correct in several of its parts; but how can it reject the accounts, and afterwards amend and homologate them? If the account of tutorship is rejected, a new one should be rendered and substituted, on the basis upon which the court finds, and which the rights and obligations of both the accountant and her emancipated daughter, under the same, demand, subject, in case of conflict, to judicial investigation and adjustment.

We think that the ends of justice require that this case, on the application of Mrs. Whitaker for an account, should be remanded. It would complicate matters to affirm in part, amend in part, and reverse in part, the judgment of the lower court.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be reversed; and proceeding to render such judgment as should have been rendered by the lower court,

It is ordered, adjudged and decreed that the opposition of Mrs. Whitaker to said account be sustained, to the extent that said account be rejected, and that the petition for its homologation be dismissed.

It is further ordered, adjudged and decreed that Mrs. Mitchell, as tutrix of her said emancipated daughter, Mrs. Whitaker, do render to her another account of tutorship, in conformity with the views herein expressed and according to law; and to that end,

It is ordered that this case be remanded to the lower court to be further proceeded with according to said views and according to law.