BREAUX, J.
Plaintiffs, alleging that they are owners of a lot and house thereon in Monroe, valued at more than $2,000, that had been seized and advertised for sale to satisfy a judgment against J. W. Smith, their father, by* the Racine Wagon & Carriage Company, sued out an injunction to restrain the sale.
Plaintiffs’ father, J. W. Smith, -was the owner of this lot. He became indebted to Mr. D. A. Breard in the sum of five hundred and seventy-five dollars ($575) and Smith, the debtor, secured this indebtedness to Breard by executing a mortgage in 1874 in the latter’s favor for the amount. Breard foreclosed in 1886, and bought the property at sheriff’s sale. The deed was recorded, and the property remained in his name until some time after the defendant had enjoined the sale of the property, although Breard was paid the full amount of the debt. The property was seized on the 10th of July, 1901. The deed of Breard to plaintiffs Vas recorded some days afterward. By whom this payment was made, presents one of the issues of the case.
The property was assessed (at the instance of plaintiffs’ father), since a number of years, in the name of plaintiffs in injunction. In 1887, Breard having been paid, a deed was prepared to be signed by him, in which it was recited that for the sum of nine hundred and three and 27/100 dollars ($903.27), as the price, he transferred and sold the property to the minor children of J. W. Smith and of his wife, Margaret Smith, deceased.
This deed was handed -to Breard, but was kept by him among his papers, and never signed. Mr. J. W. Smith and his family, the plaintiffs, have continued to live on the premises. Breard does not claim title, and has not *560 •claimed ownership since the day he was paid, so many years ago that he is not quite certain hy whom this payment was made. We take it, after having carefully read his testimony, that whether he was paid by Smith, his debtor, or by the plaintiff heirs, he is unable to testify with any degree of certainty. The following is an excerpt from his testimony: “Mr. Smith had paid me for the property, and the property was his or representing his heirs.”
No effect can he given to an unsigned paper prepared to be signed as a deed of sale. In seeking to find out who was the owner (for there was an owner of the property), we have endeavored by close reading of the testimony to ascertain by whom the price had been paid, for that is, under the circumstances, a satisfactory indicium of title.
With reference to the title itself, the contention of plaintiff in injunction is that it was never in the judgment debtor, J. W. Smith, but in the plaintiffs, and, as a consequence, the judgment creditor did not acquire any right against the property.
We have seen that many years ago J. W. Smith, as owner, mortgaged this property to Breard. We have no reason to infer from the testimony that, prior to Breard’s foreclosure, Smith was not the owner. If Smith paid Breard. he again became the owner. On the other hand, if the price was paid by the children, they were the owners.
Plaintiffs were all minors when the projet of a deed of sale was drawn to be signed by Breard, becadse he had been paid, but which he never signed. The father, J. W. Smith, never qualified as their tutor, and yet he claims to have invested at that time this amount in a purchase for his minor children. Usually a record is kept of amounts to which minors are entitled by inheritance. None seems to have been kept in this instance. In a matter of this importance, involving title to real estate, it must be made to appear with some degree of certainty for whose account the price was paid, when the owner of the property claims that it is no longer his, but that of his minor children.
A father who is indebted to his children might pay his creditors and redeem his property which had been seized and sold in payment of the indebtedness, and have the title of redemption recorded in their names, perhaps, but this would require, in order to be binding, proof of an indebtedness to the children, their acceptance of the title, and proper inscription. All these formalities are wanting in this case.
The parties seem to trace their rights to different sources, the father to one, and one of the plaintiffs to another.
We are not certain that the District Court has erred. With regard to the facts, there is a degree of presumption sustaining the correctness of the court of the first instance. It does not appear on appeal that plaintiffs have rebutted that presumption.
The law and the evidence being in favor of defendants in injunction and against plaintiffs, the judgment appealed from is therefore affirmed.
PROVOSTY and MONROE, JJ., dissent.