(43 South. 51.)

No. 16,302.

LYONS v. LAWRENCE.

(Jan. 21, 1907. Rehearing Denied Feb. 18, 1907.)

1. EVIDENCE.

A third person with interest may prove that title pleaded to oust him is simulated. Parol testimony is admissible to prove simulation. Gaidry v. Lyons, 29 La. Ann. 4.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 2005, 2007.]

2. PETITORY ACTION.

Plaintiff traces her title to her father as her author. He acted in his own behalf. His daughter was a minor. He sold the property before she arrived at her majority, and it passed into the hands of a third person.

3. DONATION.

There was no donation.

4. ESTOPPEL—DEEDS.

Third persons are not estopped by the recitals in a deed to which they are not parties.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 19, Estoppel, § 61.]

Provosty, J., dissenting.

(Syllabus by the Court.)

Appeal from Eighteenth District Court, Parish of Acadia; Philip Sidney Pugh, Judge.

Action by Maud V. Lyons against P. L. Lawrence. Judgment for defendant, and plaintiff appeals. Affirmed.

Ogden & Robira, for appellant. Hampden Story and Gilbert Louis Dupré, for appellee.

BREAUX, C. J. The action is petitory for the recovery of a town lot in the city of Crowley.

The property was bought in the year 1887 by plaintiff's father for a small amount, payable half cash, and half on credit. The title was made in her name, although she was a minor at the time. The father assumed that he was her natural tutor, and so declared in the deed of purchase.

In the year 1889, the father, as natural tutor, sold the property. By mesne conveyance it afterward became the property of the defendant.

The plaintiff is 23 years of age. Her mother is still living.

Plaintiff's contention is that she has a right to the property bought by her father and natural tutor in her name; that the sale made by her father was a nullity, as well as the sales subsequently made of the property. She claims the title and an amount of rental, as purchaser, and in the alternative as donee by virtue of the sale in question.

The defendant invoked his good faith and the good faith of his authors. He avers that plaintiff's father acted without authority of law in placing the property in her name, and that he did it in order to protect it from the pursuit of creditors; that it was put in his name as the natural tutor of plaintiff but that it was for his benefit and advantage. He charged that the purchase was a simulation, and that the father was absolutely insolvent.

The facts are as alleged by defendant in regard to the natural tutorship. He was not the tutor. The evidence does not show that the plaintiff ever had any amount in her own right, nor does it appear that her father ever invested anything for her. No court proceedings were ever had to authorize him to make an investment for her.

As relates to his solvency or insolvency. There is evidence that he bought and sold real estate of small value. It all amounted

to very little. The verbal testimony is positive and uncontradicted that he was an insolvent.

Plaintiff urged that verbal testimony should not have been admitted. It was admitted over her objection; that it proved title to immovable property by parol.

The evidence was admissible. Gaidry v. Lyons, 29 La. Ann. 4; Frazer v. Pritchard, 6 La. Ann. 728; Steward v. Looney & Wells, 23 La. Ann. 624.

Proof of insolvency also was admissible. To prove motive the verbal testimony was admissible. Defendant was resisting in a legal manner, he was on the defensive and was not attempting to prove the legality of his own title.

Plaintiff has never been the owner of the property, and the purpose of the verbal testimony was to show that fact. Plaintiff's father had no authority to buy in her name. The property was owned by some one. Who was it? Not the daughter; for the tutor is without authority to buy immovable for his minor child. Succession of Mitchel, 33 La. Ann 354; Civ. Code, art. 353.

It is true that the cited article refers to wards and their tutors. Conceding for the moment that the father acted for his daughter personally, and not as tutor, the father could not buy property in her name "payable one half cash and the balance on time." He could not create a debt binding upon her. No one can bind any one but himself. It could not in that way become her property. A father may buy for his child for cash. But even when he buys for cash, if he chooses to sell it before the minor becomes of age, he can do so, and the good intention of the father toward his child is at an end in that particular transaction.

In this case, long prior to her majority, her father sold the property.

It is true that the first purchaser of the property from plaintiff's father knew that the father had added "natural tutor" to his name as vendor. The words "natural tutor," of course, do not appear in any subsequent acts, and nothing was ever said about natural tutor thereafter.

But it also appears by verbal testimony that the knowledge which the first purchaser had of the fact that the vendor was the natural tutor is supplemented with his evidence that the father had told him that his purpose was to buy the property, and place it in the name of his daughter in order that it might be protected from all possible claims of his creditors, and that it was a purchase made by the father for his own account.

We have not found it possible to find a title in plaintiff as purchaser.

In taking up again the question of simulation, our purpose is to review the following decisions cited by plaintiff on the subject:

As to the first decision cited: There was no question of simulation. Against good conscience plaintiff sought to recover land bought in good faith from defendant in the case, who was the real though not the technical owner. Parol testimony was excluded properly as the purpose was to prove title to realty by parol. Wooters v. Feeny, 12 La. Ann. 449.

The plaintiff sought to make a title by parol evidence, a proposition different from the one at issue here. Heiss v. Cronan, 12 La. Ann. 213.

The legal title could not be affected by parol. The attempt was made to prove title to real estate by parol. Linton v. Wikoff, 12 La. Ann. 878.

The syllabus expresses the point decided:

"Parol evidence is inadmissible to show that a slave was received by the husband in lieu of money due his wife by her father's estate."

This is not pertinent to the issue of simulation in the pending case. Wood v. Harrel, 14 La. Ann. 61.

Even in case of fraud, mandate to buy im-

movable can not be proved by parol. Hackenburg v. Gartskamp, 30 La. Ann. 899.

In the case just cited, there was a contract, a buyer. Here, as relates to plaintiff, there was no contract nor purchase. From the decision, we quote the following which is pertinent:

"When third persons attack a contract for fraud, testimonial proof is of necessity admissible to establish it. But when the allegation of simulation or fraud comes from one of the parties to a contract, he is bound to establish it by some written evidence."

Here defendant was not a party to the contract.

In Perrault v. Perrault, 32 La. Ann. 636, the judge excluded parol evidence offered by the appellant to establish agency to buy real estate. True, fraud was charged, but here again there was a title, which plaintiff sought to have decreed null by parol. The court held that it could not be done. The case is different from the plaintiff's case, in which her title was a simulation, a pretended title, a mere shadow. Plaintiff sought to prove title by parol.

In another case it was charged that the vendee at a judicial sale was a party interposed. There was "no pretense or allegation of fraud or error connected with the proceedings."

It was decided that parol evidence can not be admitted against or beyond what is contained in the act.

Further, it is expressly provided that the power of attorney conferring authority to contract with reference to real estate must be in writing. McKenzie v. Bacon et al., 40 La. Ann. 162, 4 South. 65.

In the case before us, one who pretended to be the judicial agent of a minor was not a judicial agent. He recited in the deed that he was the tutor. On allegation of fraud and simulation, it devolved upon him to prove his judicial agency.

It must be borne in mind that in the pending case, the onus of proof is with plaintiff. That defendant denied that she was under the tutorship of her father. It devolved on her to prove the fact, easily enough done by written evidence if she had been a minor under tutorship.

She did not prove anything of the kind, and could not. Having failed to make the proof, she was without title.

In claiming the property, she could not take it from the owner, for the reason that the father was not the natural tutor.

This being the condition of affairs in that situation, the owner could supplement the ground he urged by proving by parol that the father was unquestionably the owner, and that in acting as before stated he was necessarily the owner.

The next case cited by plaintiff is Barbin v. Gaspard, 15 La. Ann. 539.

The oath had been resorted to as a means of proving title in the said case. It related to a party interposed under facts and circumstances different from the case at bar, and the same may be said of the decision following: Heirs of Dohan v. Dohan, 42 La. Ann. 449, 7 South. 569.

In this case no attempt is made to annul it, on the ground that it was passed in fraudem legis.

The simple claim is that Harris bought as agent of the mother, and took the title in her name for her benefit.

In the case at issue the father had no authority whatever to buy in the name of his minor daughter, and, it follows, bought for himself, and sold it for his own account.

In the next decision cited (Hoffman v. Ackerman, 110 La. 1070, 35 South. 293), the plaintiff sought to have it decreed that his debtor was the owner, and that the record owner was not the owner. There was some reality in this case. It was not the merest illegality as in the pending case.

In the Ackerman Case, 113 La. 156, 36

South. 923, it was decided that a plaintiff asserting ownership can not prove simulation by parol. Reading the decision again, we have not found the pertinency in it which the plaintiff urges through learned counsel. The facts are different, and the issues as well.

Plaintiff, in the next place, claims that if she was not the purchaser of the property, she was the donee, and should be so considered under the act in question.

Considered from the point of a donation, the claim is fatally incomplete. The donation was never accepted, and acceptance is essential. Civ. Code, art. 1540.

Besides, the donation was revocable, and it was revoked by the sale made by the father. Bank v. Miller, 44 La. Ann. 200, 10 South. 779; Civ. Code, art. 1890.

An act of sale is not to be taken as a donation where it is evident that it was not the intention to donate.

This answers plaintiff's ground based on a number of decisions cited by her, rendered on the theory that the intention was to donate.

Another proposition of plaintiff is that the tutor can not be heard to question the validity of his donation, on the ground that the minor had not accepted the donation.

An easy answer is that it is not the tutor, but a third person, who urges the objection, to the end of protecting his title.

Now with reference to estoppel which plaintiff sets up. There is no good ground to hold that defendant is estopped. He had the right to act on record title, which, taken as a whole, showed that the father was not the natural tutor; that his act as such was null; that he was personally the owner. If intended as a donation, it had never been accepted.

The instrument between plaintiff and defendant is void. The property was owned as before stated. Recital by deed will not bind a stranger to a deed.

Defendant became the owner of the title which the father had, and not the owner of the title which the daughter did not have.

To recover, it is necessary for plaintiff to prove that she, and not her father, had the title. In this she has failed.

It only remains to affirm the decree. It is affirmed.

PROVOSTY, J., dissents.