———————o———————

## No. 5918.

## MRS. MARY TICKER vs. METROPOLITAN LIFE IN-SURANCE CO.

### Syllabus.

1. The assignment or substitution of a new beneficiary in a policy of life insurance made wholly without consideration is a donation, and as such invalid if the formalities prescribed for the making of donations are not observed.

2. Where the attempted assignment of or the substitution of a new beneficiary in a policy of life insurance is invalid or unauthorized, the policy survives in favor of the beneficiary whose interest it was sought to divest by virtue of said attempted assignment or substitution.

3. The designation, without consideration, of the wife as beneficiary in a policy of life insurance taken out during the community by the husband on his life, is valid even though the formalities prescribed for the making of donations are not observed.

4. The proceeds of such policy vest in the wife's separate estate upon the husband's death, and are not liable for the debts of his estate nor those of the community.

5. Upon the death of the donor, the reduction of the donation may be demanded by the forced heirs alone; and creditors can neither require it or avail themselves of it.

Appeal from the Civil District Court for the Parish of Orleans. Division "D". No. 101,946. Hon Porter Parker, Judge.

George J. Untereiner, for plaintiff.

Howe, Fenner, Spencer & Cocke, for defendant and appellee.

D. H. Theard and G. A. Llambias, for appellant.

His Honor EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

This is a three cornered contest between the mother, the wife and the minor children of Frederick Ticker, Jr., who died leaving no property or estate, over the proceeds of a policy of insurance taken out, during the existence of the community, by decedent on his own life in favor of his wife originally as beneficiary, and subsequently, by change of beneficiary or assignment, made payable to his mother as beneficiary.

The trial Court upheld the validity of the assignment or substitution of the new beneficiary, the mother, and ordered that the proceeds of the policy, which had been deposited in Court by the Insurance Company, be paid to her. The wife and the minor child appealed.

Insofar as the mother's claim as substituted beneficiary or assignee is concerned, we are of the opinion that it is governed by the doctrine announced in a recent case, where, as here, the transfer or substitution of a new beneficiary was wholly without consideration; was a donation, neither onerous nor renumerative, and as such was held void for non-observance of the formalities prescribed by law for pure donations.

Succession of Miller vs. Manhattan Insurance Co., 110 La., 562.

The assignment or change of beneficiary being invalid and unauthorized, the policy survives in favor of the original beneficiary, the wife, whose interest therein it was sought to divest by virtue of the attempted assignment or substitution.

**Alba v. Prov. Life Society, 118 La., 1,021.**

But it is claimed that the original designation of the wife in the policy as beneficiary, was likewise without consideration and consequently a pure donation, which in order to render it valid, required an observance of the formalities prescribed for donations.

The **Neal Case, 114 La., 652,** which is cited in support of this contention, applied no such principle, but on the contrary upheld the validity of a gratuitious designation of the original beneficiary in the policy notwithstanding that the formalities prescribed for donations had not been observed. This is in line with the settled French jurisprudence.

**Baudry-Lacantiniere et Barde-Obligations, Vol. 1, p. 236; Fugier-Herman, Code Civil Annote, Vol. II, pp. 994-995.**

The designation of the wife as beneficiary being valid, the proceeds of the policy vest in her separate estate.

**Lambert vs. Insurance Co., 50 An., 1037; Succession of Buddig, 108 La., 406; Succession of Emonot, 109 La., 365.**

The minor child claims and the wife admits that Ticker left no estate; that the donaton to the wife comprehends the face of the policy; and that it is excessive and should be reduced to the disposable portion.

As there is only one child, the legitime is one-third and the proceeds of the policy consequently should be

divided between the child and the wife in the proportion of one-third and two-thirds, respectively.

**R. C. C., 1493.**

Nor is the mother's claim, as creditor, for expenses incurred and services rendered for her late son payable out of the proceeds of the polcy. The portion of these proceeds belonging to the wife form part of her separate estate, and consequently cannot be held liable for the debts of her husband or of the community.

On the other hand, the child or heir receives her share in the proceeds of the policy by virtue of the right she exercised to reduce a donation prejudicial to ther legitime. The mother, as a creditor, can neither exercise this right nor share in the result of its exercise by the heir.

**R. C. C., 1504.**

It is accordingly ordered that the judgment be reversed, annulled and set aside, and it is now adjudged and decreed that there be judgment ordering Thomas Connell, Clerk of the Civil District Court, to pay out of the funds herein deposited in the registry of said court, to the parties hereto (except the Metropolitan Life Insurance Company) the costs of court expended by them respectively in this proceeding, and that the balance of said fund then remaining be paid the appellants, Mathilda Murphy, widow of Frederick O. Ticker, Jr., and Fernand J. Paisant, as undertutor of the minor, Rita Mary Ticker, in the proportion of two-thirds to the former and one-third to the latter.

Reversed.

Opinion and decree December 8th, 1913.

Rehearing granted, Jan. 12, 1914.

## On Rehearing.

### Syllabus.

1  A life insurance policy is a contract *sui generis,* governed by rules peculiar to itself, the outgrowth of judicial precedents and not of legislation.

2.  The proceeds of a policy of life insurance, payable otherwise than to the assured or his estate, belong to the beneciary, form no part of the estate of the assured, and are not liable for his debts or subject to community rights, or to reduction or collation.

His Honor JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

Fred O. Ticker insured his life in the defendant life insurance company.

He made the policy payable to his wife, reserving the right, however, to change the beneficiary without her consent, availing himself of the right thus reserved he substituted his mother as beneficiary in place of his wife.

Upon his death the proceeds of the policy were claimed by the mother as the beneficiary last named, by the wife as original beneficiary and as widow in community, and by his surviving minor child as his sole heir.

At the first hearing we held that the change of beneficiary was not in the form required for donations **inter vivos**; applying in that respect the rule laid down in **Succession of Miller vs. Manhattan Life Ins. Co., 110 La., 652.**

But we are now satisfied that this was error, the rule in that case being applicable only to an assignment of the policy and not a mere change of beneficiary in the manner and form provided by the policy.

**Alba vs. Life Insurance Co., 118 La., 1022.**

— 59 —

The change in beneficiary being correct in form, we have then no other alternative but to award the proceeds to the beneficiary last named.

For the contract, being lawful, must be given its effect according to the intention of the parties thereto; and we cannot for the purpose of defeating that intention apply to the contract provisions of law governing contracts of a different nature.

As we appreciate the jurisprudence of this State, a life insurance policy is a contract **sui generis**, governed by rules peculiar to itself, the outgrowth of judicial precedent and not of legislation.

For although it is quite certain that such a contract when wholly gratuitous as to the beneficiary, can be assimilated only to a donation, either **inter vivos** or **mortis causa** (**C. C. 1773, 1467**), yet the Supreme Court of the State has uniformly refused to apply to life insurance policies the rules applicable to donations, with the single exception to be found in **114 La., 652, Ins. Co. vs. Neal** (of which more hereafter).

Thus the Court has repeatedly refused to apply to such policies the provisions of the Civil Code relative to donations **inter vivos**, to-wit, that they are revocable when made to one's husband or wife, and subject to collation when made to one's children or descendants.

> **C. C., 1749, 1228; Pilcher vs. Ins. Co., 33 An., 322; Putnam vs. Ins. Co., 42 An., 1027; Lambert vs. Ins. Co., 50 A., 1027; and Vinson vs. Vinson, 105 La., 311; Succ. of Roder, 121 La., 694.**

And **a fortiori** the Court has refused to apply to such policies the fundamental principle applicable to dona-

tions **mortis causa**, to-wit, that such donations are without avail until after payment of the debts of the deceased; the court holding in every instance that the proceeds of such policies form no part of the estate of the deccased, and inure to the beneficiary **directly** and by the sole terms of the policy itself. (See the authorities above quoted; also **Succ. Kugler 23 An.**, 455; **Succ. of Hearing, 26 An.**, 327; **Succ. of Clark, 27 An.**, 269; **Succ. of Bofenc-chen, 29 An.**, 714; **In re Crane, 47 An.**, 896; **Succ. of, Emanot, 109 La.**, 359).

So that, as admitted by counsel for appellants, the widow and minor child, "Up to this time the contract of (life) insurance had been **sui generis** * * * and it was not thought that the law of donations applied thereto." (Original Brief p. 3).

But in **New York Life Ins. Co. vs. Neal, 114 La.**, 652, the Supreme Court appears for the first time to have applied to a life insurance policy the provisions of our Civil Code relative to donations, to wit, Article 1481, which limits a donation in favor of a concubine to one-tenth of the donor's estate.

This case cannot be reconciled with the long line of decisions which preceded and came after it, all holding that the policy or its proceeds **never formed any part of the estate of the deceased**, except upon the broad principle that it was essentially **contra bonas mores** to permit a husband and father to waste his substance in insurance premiums for the benefit of his companion in adultery, to the prejudice of a legitimate wife and offspring left in necessitous circumstances; as strongly intimated by the Court itself.

Under this broad principle that part of the policy naming the beneficiary might have been annulled for the

whole, as well as for part; and if such was not done it must be taken as a simple act of grace, or some *rusticum judiceum*, by which the Court permitted the deceased to do **indirectly** what he might legally have done directly, i. e., by will or donation **inter vivos**.

As to the effect of a clause in an insurance policy reserving to the assured the right to change the beneficiary without the consent of the latter, we find that the point has been directly passed upon in **Alba vs. Ins. Co., 118 La., 1022**, wherein the Court held that a child of the deceased was without standing to contest the assignment of a policy so worded; the Court holding that **the original beneficiary alone** (in that case the wife) could have claimed the proceeds, had the policy not been assigned and the beneficiary remained unchanged; that is to say, the policy remained **the property of the beneficiary alone** until the assured himself should make some change.

It is therefore ordered that our former decree herein be set aside and it is now ordered that the judgment appealed from be affirmed.

Former decree set aside and judgment appealed from now affirmed.

Opinion and decree, February 25, 1914.

Rehearing refused, March 12, 1914.

Writ denied, April 28, 1914.