No. 3225

Second Circuit

WAGSTER v. NABORS OIL CORP., INC.

(May 22, 1928. Opinion and Decree.)
(June 28, 1928. Rehearing Refused.)
(October 2, 1928. Writs of Certiorari and Review denied by Supreme Court.)

G. P. Bullis, of Vidalia, attorney for plaintiff, appellant.

Dale, Dale & Dale, of Vidalia, attorneys for defendant, appellee.

WEBB, J. The plaintiff, A. D. Wagster, instituted this action against the defendant, Nabors Oil Corporation, Inc., on July 28, 1927, to obtain a partition of a lot in the town of Ferriday, alleged to have been owned by the parties in indivision.

The plaintiff alleges he had acquired an undivided one-half interest in the lot from Walter Neely under deed of date April 30, 1926, and that his vendor had acquired from A. R. Griffin and J. O. Griffin under deed of date January 31, 1924, in which the transfer was made to J. W. Neely & Son, Walter Neely being the person designated as the son of J. W. Neely.

Defendant denied that plaintiff had any interest in the property or that his vendor, Walter Neely, had acquired any interest therein under the transfer from A. R. Griffin and J. O. Griffin, alleging that the purchase had been made and the price paid by J. W. Neely, and that Walter Neely was at the time a minor, and, further, that J. W. Neely had sold the property to W. C. Nabors and Carrie Nabors under deed of date August 21, 1924, while Walter Neely was a minor, and that the vendees, W. C. Nabors and Carrie Nabors, had transferred the property to defendant by deed of date March 30, 1927, and prayed that plaintiff's demands be rejected and that it be decreed the owner of the property.

On trial, judgment was rendered in favor of defendant as prayed for, and plaintiff appeals.

The plaintiff urges that the judgment should be reversed in that the Court erred in refusing to maintain his plea of estoppel and in holding that defendant was the owner of the property.

We do not find in the record any plea of estoppel, and the minutes do not indicate that the plea was filed.

However, as we understand, the position of counsel, as to the basis of the estoppel, is, that defendant's authors in title having accepted a deed signed by J. W. Neely & Son, per J. W. Neely, admitted the ownership of the son; which may be considered with the principal ground on which plaintiff contends that the judgment is erroneous, which we gather to be, that the purchase was, as to an undivided half interest, made by the minor with his own funds and that an inchoate title vested in the minor, subject to his ratification, which could not be divested by the sale of the property by the parent, and the minor having ratified the purchase after being emancipated, by selling the property to plaintiff, the latter acquired a valid title to the property; or, conversely, that the sale of the property by the parent during the minority of Walter Neely did not vest any title in the vendees of the parent.

The question is involved, and possibly in stating our conception of the position of plaintiff we should say that the statement of plaintiff's position is an inference from the brief of plaintiff, in which he cites the law, which provides that the contracts of the minor may be rendered valid by ratification (Art. 1785, C. C.) and that one who contracts with a minor cannot plead the nullity of the contract when it has been ratified (Art. 1791, C. C.) and from the statement in the brief, where it is said that Walter Neely, in the purchase of the property from A. R. Griffin and J. O. Griffin, represented himself, purchasing with his own funds, and the argument that the situation is not analogous to that where the parent acting ostensibly as tutor purchases immovable property in the name and with the funds of the minor without being authorized as required by law, or where the parent purchases property in the

name of his child and with the parent's funds.

In Lyons vs. Lawrence, 118 La. 461, 43 So. 51, where the Court considered a situation analogous to that presented here, that is, where a parent had purchased in the name of his child and had sold the property prior to the child's becoming of age and the minor, on becoming of age, had instituted an action against the transferee of the vendee who had purchased the property from the parent, to revendicate the property, it was said:

"Plaintiff has never been the owner of the property, and the purpose of the verbal testimony was to show that fact. Plaintiff's father had no authority to buy in her name. The property was owned by some one. Who was it? Not the daughter; for the tutor is without authority to buy immovables for his minor child. Succession of Mitchel, 33 La. Ann. 354; Civil Code, art. 353."

Also Smith's Heirs vs. Johnston, 110 La. 564, 34 So. 677; Phelps vs. Mulhaupt, 146 La. 1079, 84 So. 362.

"It is true that the cited article refers to wards and their tutors. Conceding for the moment that the father acted for his daughter personally, and not as tutor, the father could not buy property in her name 'payable one half cash and the balance on time.' He could not create a debt binding upon her. No one can bind any one but himself. It could not in that way become her property. A father may buy for his child for cash. But even when he buys for cash, if he chooses to sell it before the minor becomes of age, he can do so, and the good intention of the father toward his child is at an end in that particular transaction."

The plaintiff, as stated, contends that the situation presented here is different from that presented in the case cited, in that the purchase was made in the names of the father and the minor child for cash, and that the minor represented himself, paying his portion of the price with his own funds.

Conceding that the title was taken in the names of both the father and the child, in view of the admission that J. W. Neely, through whom defendant claims title, and Walter Neely, through whom plaintiff claims title, were father and son and were the persons referred to as the vendees in the transfer from A. R. Griffin and J. O. Griffin, and that the deed shows it was for a cash consideration, there was not any evidence showing which of the vendees had negotiated the sale, or with whose funds the price had been paid, and the deed was not signed by either of the vendees, and if it be accepted as true that Walter Neely had represented himself or been present at the sale and paid the portion of the price with his own funds, it would have to be based upon a presumption.

However, if the fact that the minor may have been present with his father and took part in the negotiations, and paid over to the vendors the portion of the price, would differentiate the case from that where the father conducted the negotiations, and paid the price with his own funds, we think the burden of proof was on the plaintiff to establish the facts which distinguish the case from those where the parent, acting ostensibly as tutor, has purchased immovable property

in the name of the minor with the latter's funds without legal authority, or where the purchase was made in the name of a minor by the parent with the latter's funds.

The presumption which plaintiff invokes to establish the facts differentiating the case is not reasonable, considering that the minor is incapacitated to contract, and that one would not knowingly deal with him; but conceding that the facts should be assumed as contended for by the plaintiff, we do not see that the conclusion would be different, as under a like presumption it must be presumed that the father was also present at the time of the sale, and the situation could not be more than that the father acquiesced in or consented to his minor son making the purchase, where the legal situation would be the same as if the purchase had been made by the father for his son, and under those circumstances the legal situation would be the same as where the parent, acting ostensibly as tutor, did the same thing without legal authority; in which cases the jurisprudence is well settled that the title does not vest in the minor. (Succession of Mitchel, 33 La. Ann. 355; Smith's Heirs vs. Johnson, 110 La. 564, 34 So. 677; Phelps vs. Mulhaupt, 146 La. 1079, 84 So. 362.)

While it is ordinarily true that one who deals with a minor cannot ignore the contract by reason of the minor's incapacity, the parent is, we think, in a different situation, and although he may be the tutor of the minor and ostensibly acting as such when he purchases immovable property for his ward with funds of the latter without being authorized, one must look to the parental power to determine the relations of the minor and of the parent to the property, which is simply that the parent is the owner of the property, which he may sell, if he desires, without the necessity of taking any judicial proceedings.

Thus, conceding the facts to have been as urged by plaintiff, we are of the opinion that the parent took the course as indicated, and that the purchaser from him acquired a good title.

Relative to the contention that defendant's immediate authors in title had accepted a title from the father showing that the child was interested in the property and was estopped to deny or had admitted the ownership of the child, the question as to the estoppel was considered in Lyons vs. Lawrence, supra, where it was said:

"Third persons are not estopped by the recitals in a deed to which they are not parties."

And we do not think by offering the instrument in evidence it could be said that defendant admitted title in the child.

We find that the judgment appealed from is correct and it is affirmed.