## No. 547

### First Circuit

---

## OPELOUSAS-ST. LANDRY BANK & TRUST CO. ET AL. v. BRUNER

---

(December 30, 1929. Opinion and Decree.)

---

338

W. J. Carmouche, of Crowley, attorney for plaintiffs, appellants.

Medlenka, Bruner & Chambers and Pugh & Buatt, of Crowley, attorneys for defendant, appellee.

MOUTON, J. The Opelousas-St. Landry Bank & Trust Company and the Steam Scheely Manufacturing Company, judgment creditors of Elmo L. Bruner on a joint demand, filed a petition, alleging that on October 26, 1903, Elmo L. Bruner, then a resident of Acadia, had in partnership with his brother, Hal Bruner, bought an 85-acre tract of land situated in the parish of Acadia; that Elmo Bruner had, under the deed from Henry L. Garland, the vendor, now deceased, acquired one-half interest in the land, and his brother, Hal Bruner, the other half; that Elmo Bruner had remained and was the owner of record when the judgments of petitioners were duly recorded, and has never transferred his title in the land to any one, and is still the owner of record.

Petitioners further aver that Hal Bruner, the owner of only one-half interest in the land, as aforesaid, by act of sale on May 10, 1924, sold and transferred the 85 acres,

or the whole tract, to Walter S. Bruner, defendant, of Acadia parish; that he could not transfer more than his half interest in the land to the defendant; and that Elmo L. Bruner is still the owner of a one-half interest therein. They pray for judgment ordering that Walter S. Bruner, vendee of Hal Bruner, pay their judgments, with interest and costs, or surrender a one-half interest in the property, and, in default thereof, their judgments be made executory, and that an undivided one-half interest be seized and sold to satisfy the claim of the petitioners.

Exceptions of misjoinder, of no cause of action, were filed by defendant, and, we find, were properly overruled.

In answer to article 4 of plaintiffs' petition, defendant, Walter S. Bruner, denies that Elmo Bruner ever acquired any interest in the land, and, after answering the other articles of the petition, avers in substance as follows, and which presents the defense to the suit:

That in the act of sale from Henry L. Garland it is set forth that the transfer was made to Hal Bruner and Elmo Bruner, said Hal Bruner acting for himself and his brother; that Hal Bruner acted on his own initiative, without consultation with Elmo, without his authority or consent for the purchase, and without authorization in writing from Elmo Bruner; that he signed the deed "Hal Bruner for Self and Brother"; also executed, without the consent or authority of Elmo, ten promissory notes, each for $200 for the purchase price of the property, paying annually, and signed the notes "Hal Bruner for Self and Brother," and, in the absence of his brother, Elmo, who when subsequently informed, repudiated the transaction, refusing to confirm or ratify the acts of said Hal Bruner; that thereupon Hal Bruner treated the property

as his own, and from the year 1906 assessed it in his own name, paid all taxes from the time of the purchase, collected all the revenues produced by it, and paid all the notes representing the purchase price; that Elmo Bruner at no time made any claim against the property, attempted to exercise or exercised any rights to or over the property, or ever held himself as owner of any part thereof, but always recognized the full title in Hal Bruner; that the property never belonged to Elmo Bruner; that its full ownership vested in Hal Bruner, and therefore it is now the property of defendant, Walter S. Bruner.

Hal Bruner, vendor of defendant, was called in warranty by the latter, and adopted the defenses set up by respondent. Judgment was rendered, rejecting the demand of the plaintiffs, from which they appeal.

When the law requires a contract to be in writing (which is required for the purchase of real estate), the power to execute such a contract must also be in writing. Miller vs. New Orleans Canal & Banking Co., 8 Rob. 236; McKenzie vs. Bacon, 40 La. Ann. 157, 4 So. 65. The power to buy or draw promissory notes must also be express and special. C. C. art. 2997.

In the deed from Garland, executed October 26, 1903, it is declared that the sale is made to Hal Bruner and Elmo Bruner, and it is signed by Hal Bruner for self and brother. The 10 notes for the purchase price are signed in the same manner. There is no expression whatsoever in the deed referring to any procuration, mandate, or power of attorney from Elmo Bruner, authorizing Hal Bruner to buy the property for cash or otherwise, or sign notes or other obligations for Elmo. The fact is there is nothing in the record to show such authority from Elmo Bruner, either in writ-

ing or by implication. As a matter of fact, Elmo was absent, being in Acadia or elsewhere when the sale was executed in Opelousas between Garland and Hal Bruner. As Elmo Bruner was not present, and had conferred no power on his brother, Hal, to buy the land or an undivided interest therein, it is clear that he acquired no ownership in the property by virtue of the sale, as "those only are parties to a contract, who have given their consent to it, either expressly or by implication." C. C. art. 1780.

It will be observed that Hal Bruner was a self-constituted agent, and could not go beyond the limit of a procuration which he did not have, and could not possibly exceed the powers of any mandate or agency to which article 3010 of the Civil Code refers. It is doubtful if Elmo Bruner was called upon to ratify or confirm the acts of his brother, Hal, who was not in any sense his agent or representative.

We will, however, discuss the issues under article 3010, C. C., which comes under the heading of mandate, and deals with cases presupposing a procuration, where the agent has exceeded his powers, and the principal is subsequently bound by the confirmation or ratification of his acts.

Our courts in a number of decisions have held that the principal should disavow or repudiate the acts of his agent so soon as he is informed thereof, and if he allows any length of time to pass, in silence, he will be considered as having ratified same. This rule has been applied, it seems, where the contract has been made for another by a party, whether his agent or not, at the time. Flower vs. Jones, 7 Mart. (N. S.) 143; Pitts vs. Shubert, 11 La. 288, 30 Am. Dec. 718; Bonneau vs. Poydras, 2 Rob. 20; Ward vs. Warfield, 3 La. Ann. 468; Ball

vs. Bender, 22 La. Ann. 496; Oliver vs. Johnson, 24 La. Ann. 462.

Counsel for plaintiff contends that this suit involves exclusively an attempt to vest title in Hal Bruner to an undivided half in 85 acres of land, when it stands on the record in the name of Elmo Bruner. In their petition plaintiffs allege that Elmo acquired a half interest in the land by the sale from Garland in October, 1903. The prayer is for the surrender of the property by defendant, Walter S. Bruner, and, upon failure of such surrender, for the seizure and sale of the undivided one-half interest in the land.

In this case plaintiffs are proceeding on their judicial mortgages against what they allege to be the property of Elmo Bruner, their judgment debtor. The plaintiffs' judgments, after registry, evidently bore as judicial mortgages on the immovables which Elmo owned at the time, or such as he might have subsequently acquired, C. C. art. 3328. The demand of the plaintiffs for the enforcement of these judicial mortgages against half of the property had the effect of forcing the issue as to whether the property belonged to Elmo, as a judicial mortgage is enforceable against the immovables the debtor actually owns. C. C. art. 3328. This presents the vital issue in the case, because, if it is not the property of Elmo, and never was, it could not be affected by any judicial mortgage resulting from judgments rendered against Elmo, judgment debtor of plaintiffs.

The defendant, a third party, had the right to show that Elmo Bruner had never ratified the sale from Garland, expressly or impliedly, by his conduct, acquiescence, or otherwise; also, that Elmo had, upon being informed of the purchase in his name by Hal, his brother, immediately, or within a reasonable time, disavowed or repudiated

the contract, to establish the fact that he is not the owner of the property against which plaintiffs are seeking to enforce their judicial mortgages. The disavowal of title could be effectively established by the acts or conduct of Elmo after the sale by Garland, and by verbal proof of his actual repudiation. The proof shows that, when Elmo was told of the purchase by Hal, he immediately repudiated it; that Hal took exclusive possession following the sale, had the property assessed in his name from the year 1906, always paid the taxes, took all the revenues of the entire property up to its sale to defendant, also that he paid the 10 notes which had been given to represent the purchase price. The half interest in question was certainly not in Elmo, in whom its ownership could not be forced, without his authority and against his will or consent.

The acts of an agent beyond the limit of his procuration are null, and, unless ratified by the principal, are binding on the agent in his individual capacity. C. C. art. 3010.

In Lyons vs. Lawrence, 118 La. 461, 466, 43 So. 51, a third party was permitted to prove by parol that a father had bought a lot of ground for his minor daughter without authority, and it therefore followed, said the court, that he "bought for himself." Even if, in this case, the real issue is not one involving a disclaimer of title, under the ruling in 118 La., above referred to, parol evidence was admissible to show the total lack of authority in Hal Bruner to buy for Elmo, and as the legal result of his unauthorized act, he must be held as having bought the entire property for himself.

Particularly should it be so held where it abundantly appears that the agent has personally paid the full purchase price to the vendor for the property, and had up to his sale to Walter S. Bruner, defendant, exercised all the acts of ownership to which it was susceptible. We are therefore of the opinion that the undivided interest in the land in dispute is not the property of Elmo Bruner, judgment debtor of the plaintiffs, and, according to the ruling in 118 La., belonged to Hal Bruner when it was transferred to defendant. In that case parol evidence was declared admissible to show that the lot, though bought by the insolvent father in the name of his minor, was not her property. It had the effect of directly contradicting or varying a written contract of sale.

In the instant case the mere failure of Elmo Bruner to disavow or repudiate the sale within a reasonable time would have had the effect of vesting ownership in him. His repudiation did not contradict the terms of the act, but merely fixed the title in Hal Bruner, because he had bought without authority, and, as a result, bound himself in his individual capacity. C. C. art. 3010. This disavowal or repudiation herein could be shown by parol, with less objection to its admissibility than could have been advanced in 118 La. 461, 43 So. 51.

By the effect of the repudiation, the title remained in Hal Bruner, the unauthorized self-constituted agent, and the property could not be affected by the judicial mortgages resulting from the judgments against Elmo Bruner, plaintiffs' judgment debtor, who never owned the property, and it could not be made executory against Walter S. Bruner, defendant, who had bought it from Hal Bruner, free of the judicial mortgages.

The demand was correctly rejected.