149 So. 423

WORKS v. NOBLE et al.

No. 28621.

May 29, 1933.

Rehearing Denied July 7, 1933.

John M. Munholland, of Monroe, for appellant.

Theus, Grisham, Davis & Leigh and Shotwell & Brown, all of Monroe, for appellees.

O'NIELL, Chief Justice.

The plaintiff has appealed from a judgment rejecting his demand to annul a sale of 45½ acres of land, made by his father, J. R. Works, to one of the defendants, J. Arthur Smith, on the 3d of November, 1910, and to be decreed the owner of a half interest in the property.

The land in contest belonged to the matrimonial community between the plaintiff's parents. They quarreled and separated, and, while separated, the husband, J. R. Works, on the 9th of January, 1908, made and placed on record an authentic act of donation of the property to the two children of the marriage, namely, James Reuben Works, then 5 years of age, and Chester Works, then 2 years of age. James Reuben Works is the plaintiff in this suit. Thereafter, his parents became reconciled, and, on the 2d of November, 1910, Mrs. Works brought suit against her husband and the two children to annul the donation, on the grounds, first, that it had not been accepted by or for the donees; second, that it was a donation of immovable property belonging to the community; and, third, that the purpose of the donation was to defraud the wife. Mrs. Works was represented in the suit by a very reputable member of the bar; so was her husband represented by another very reputable member of the bar; and the two children were represented by still another very reputable member of the bar, whom the court appointed curator ad hoc. A judgment was rendered in favor of Mrs. Works, annulling the donation and restoring the property to the community. The judgment was rendered on the day the suit was filed, the 2d of November, 1910. On the next day, the husband, J. R. Works, sold the property to J. A. Smith, who immediately went into possession of it. In 1924, Smith had a subdivision made of the land, and sold off several lots. He and the present owners of the lots are the defendants in this suit.

■■ The plaintiff contends that the donation made by his father to him and his brother on the 9th of January, 1908, was valid without acceptance because he and his brother were then residing on the property with their paternal grandparents. He relies upon article 1541 of the Civil Code, which declares that, if the donation has been executed, that is, if the donee has been put into corporeal possession "of the effects given," the donation shall have effect without an express acceptance. Article 1541 was not taken from the French Code, but was an original article, 1528, in the Code of 1825. In the French text, the words which have been translated into "of the effects given" were "des choses données." One of the legal definitions of the French word chose, according to Spier's & Surenne's French Pronouncing Dictionary, is choses, and another of the legal definitions of which is chattels, and the most commonplace definition of which is things. It is not improbable, therefore, that article 1528 of the Code of 1825, which is article 1541 of the Revised Civil Code, was intended originally to apply only to donations of movable property. As to that, we express no opinion, however, because we do not consider that the fact that the children to whom the donation was made were residing with their grand-

parents on the property donated dispensed with the necessity of an acceptance of the donation. According to article 1540 of the Code, an acceptance by authentic act is essential to the validity of a donation of real estate. It is true that article 1546 of the Code permits the grandparents to accept a donation for a minor grandchild, even though the parents are living, and even though neither of the grandparents is the tutor of the child. But that has reference to a formal acceptance, as prescribed by article 1540.

As to the donation of community property, the appellant contends that the donation in this instance was valid because it was made "for the establishment of the children of the marriage," and was therefore expressly excepted from the prohibition in article 2404 of the Civil Code. The fact that the donation was revoked before it was accepted by or for the donees, makes it unnecessary to decide whether it would have been valid if it had been accepted before it was revoked.

The defendants in this case pleaded that the nullity of the donation was adjudged finally by the decree rendered in favor of the plaintiff's mother, on the 2d of November, 1910, in her suit against her husband and children. The plea appears to us well founded. It is argued that the proceedings on behalf of Mrs. Works were conducted so hastily that they evidenced collusion between her and her husband. We do not think so. He made no defense of the suit, because in truth he had no just defense to make. It is said that, at that time, a woman could not sue her husband except for a divorce or separation from bed and board, or for a separation of property. But the principal defendants in the suit brought by Mrs. Works were her children, to whom the donation was made; and the fact that her husband, being the donor, was perhaps a necessary party to the suit, did not deprive her of her right of action against the donees.

We have concluded, however, that the judgment in this case ought to be affirmed upon the authority of Smith's Heirs v. Johnston, Sheriff, et al., 110 La. 558, 34 So. 677, Lyons v. Lawrence, 118 La. 461, 43 So. 51, Williams v. Horn, 170 La. 663, 129 So. 122, 123, and Wagster v. Nabors Oil Corporation, 9 La. App. 14, 118 So. 857, where this court refused a writ of review, on the 2d of October, 1928, on the ground that the judgment of the Court of Appeal was correct. In Williams v. Horn, referring to the other cases cited, we said:

"The purport of the decisions referred to is that, when a parent buys property with his or her own funds and takes the title in the name of his or her minor child, the transaction is, in effect, a donation of the property by the parent to the child, which may be revoked by the parent by a sale of the property to a third person before the child has become of age and accepted the donation or ratified the transaction."

If, for any reason, the judgment which Mrs. Works obtained against her husband and their children on the 2d of November, 1910, did not have the effect of annulling the donation and of bringing the property back into the community, the sale which the husband made to J. A. Smith on the 3d of November, 1910, had the desired effect.

The judgment is affirmed.