*651 The plaintiff, Edward G. Brown, instituted suit in the district court to annul a default judgment previously entered against him in that court. The trial judge ruled in favor of the plaintiff and annulled the judgment, and from this adverse ruling the defendant lumber company has appealed, urging that plaintiff failed to carry the burden of proving fraud or ill practices as required in an action to annul a judgment.[1]
The original suit which resulted in the default judgment against Mr. Brown arose out of the purchase of certain building materials from South Street Lumber Company which were used in repairing Mr. Brown’s home in Sabine Parish, Louisiana. Mr. Brown had contracted with one B. R. Schneider to furnish both labor and materials for the repair job, and the contract was reduced to writing and signed by both parties.
On or about July 18, 1961, Mr. Schneider placed an order with South Street Lumber Company, Inc. for lumber and materials in the amount of $795.22. At the time that he ordered the goods, the contractor presented a copy of the written contract for the repair of the Brown house and, according to the testimony of Mr. Liles, one of the defendant’s executive officers, Schneider represented to the defendant that he was Brown’s agent and had Brown’s authority to purchase the materials on credit. The record reflects, however, that Mr. Brown had not authorized the contractor to purchase materials on credit, and in fact had not authorized him to act as his agent in any capacity. We might remark that if the lumber company had sought a personal judgment against Brown at this point, it would have met with little success, for the lumber company could not reasonably rely on the unauthorized assertions of agency by the contractor, especially in view of the written contract of construction which stipulated that the contractor was to provide all labor and materials. See 3 C.J.S. Agency § 242; Vordenbaumen v. Grey, 189 So. 342 (La.App.2d Cir. 1939); Opelousas-St. Landry Bank & Trust Company v. Bruner, 13 La.App. 337, 125 So. 507 (1st Cir. 1929).
After the work was completed on the Brown house and after Brown paid Schneider in full in accordance with the terms of the contract, Schneider disappeared from the scene, leaving the account with South Street Lumber Company unpaid. The lumber company called on Mr. Brown to pay for the supplies and he, of course, refused, having paid the contractor the full contract price. South Street Lumber Company filed a lien on Brown’s house but failed to follow up its lien by suit within a year and thus lost the right to an in rem judgment against the property. Nevertheless, approximately one month after the lien on the Brown home had prescribed, suit was filed against Mr. Brown and Mr. Schneider by the defendant lumber company. Mr. Brown, though personally served, failed to answer, and after a delay of some two and one-half years a default judgment was rendered against him and in favor of the South Street Lumber Company for the amount of the materials and supplies. In order to establish a prima facie case as required by the Code of Civil Procedure,[2] South Street Lumber Company presented *652 in evidence an affidavit signed by Mr. Liles to the effect that: through the said B. R. Schneider, Edward Brown purchased the building materials and supplies for the repairs of his home; that officials of the South Street Lumber Company communicated and made clear that the supplies and materials were to be sold and delivered on the account of Edward Brown and him alone; and that the supplies were sold and delivered to Edward Brown at his residence in Hornbeck, Louisiana.
In the present suit Mr. Brown urges that the default judgment which was based on the foregoing affidavit was procured by “fraud and ill practices” within the meaning of C.C.P. Art. 2004 because at the time of its issuance the officials of the South Street Lumber Company knew that no power of attorney existed in the contractor, B. R. Schneider, and because no prior communication of the sale was made to Mr. Brown as indicated by the language of the affidavit.
On the other hand, defendant argues strongly that the lack of agency between the contractor and the plaintiff is a personal defense and a factual issue which should have been urged by Mr. Brown in the prior suit on or appeal from the default judgment. In addition, defendant contends that the plaintiff failed to carry the strong burden of proof encumbent upon him in charging fraud or ill practices. Regarding the latter contention, though the trial judge assigned no written reasons for his decision we must assume that the allegations of fraud and ill practices were proven to his satisfaction, for he rendered judgment annulling the default judgment standing against the plaintiff.
This court, in the recent case of St. Mary v. St. Mary, 175 So.2d 893 (La.App.3d Cir. 1965), had occasion to discuss the annulment of judgments under the provisions of C.C.P. Art. 2004, and we there remarked that:
“ * * * under the jurisprudence the fraud which may justify annulling a judgment under LSA-C.C.P. Art. 2004 is not only conduct which is fraudulent in the strict sense of the term. ‘The article is not limited to cases of actual fraud or intentional wrongdoing, but is sufficiently broad to encompass all situations wherein a judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment, of some legal right, and where the enforcement of the judgment would be unconscientious and inequitable.’ Tapp v. Guaranty Finance Co., La.App. 1 Cir., 158 So.2d 228, 233, certiorari denied 245 La. 640, 160 So.2d 228.
“Official Revision Comment b. to LSA-C.C.P. Art. 2004 expressly states the desire to retain the judicial discretion obtaining under the former jurisprudence ‘to afford relief against judgments irrespective of any issue of inattention or neglect, when the circumstances under which the judgment is rendered show the deprivation of the legal rights of the litigant who seeks relief, and when the enforcement of the judgment would be un-conscientious and inequitable.’ See, e. g., Succession of Gilmore, 157 La. 130, 102 So. 94 (1924), Tapp v. Guaranty Finance Co., (1962), cited above, and Sturgis v. Gulfco Finance Co. [La.App., 147 So.2d 782] (1962), cited above for discussion of jurisprudence upon which this principle is based.”
In applying the above expressed principles to the present case, we are of the opinion that the defendant’s representations to the court by sworn affidavit that B. R. Schneider was the authorized agent of the plaintiff when in fact he was not, and the assertion (according to the ordinary English meaning of the words of the affidavit) that Mr. Brown was contacted in advance of the sale to Mr. Schneider, constitute sufficient “ill practice” to uphold the trial judge’s determination that the judgment be annulled. Though the defendant’s arguments that the plaintiff’s remedy was *653 by answer or appeal in the prior suit are persuasive, we feel that this is just the sort of “inattention or neglect” at which the remedy of annulment should be directed. See Comment b, LSA-C.C.P. Art. 2004, and authorities there cited.
For the foregoing reasons the judgment of the district court is affirmed, all costs to be borne by the defendant.
Affirmed.

. LSA-O.C.P. Art. 2004 provides: “A final judgment obtained by fraud or ill practices may be annulled. An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.”

. LSA-C.C.P. Art. 1702 provides: “A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may bo made after two days, exclusive of holidays, from the entry of the judgment of.default. When the demand is for a sum duo on an open account; an affidavit of the correctness thereof shall be prima facie proof. When the demand is based upon a negotiable instrument, no proof of any signature thereon shall bo required.”