205 So.2d 855 (1968)
GULF ACCEPTANCE LOAN CORPORATION
v.
Henry A. DEMAS.
No. 2835.
Court of Appeal of Louisiana, Fourth Circuit.
January 9, 1968.
*856 Stahl & Sear, Morey L. Sear, New Orleans, for plaintiff-appellee.
Goldman & Levin, Solomon S. Goldman, New Orleans, for defendant-appellant.
Before SAMUEL, CHASEZ and JANVIER, JJ.
SAMUEL, Judge.
On January 24, 1967 Gulf Acceptance Loan Corporation filed a suit on a promissory note against Henry A. Demas. On February 6, 1967, after Demas had been served with citation and a copy of the petition, the delays for answering had expired (see LSA-C.C.P. Art. 5002) and the defendant had failed to answer or make an appearance of any kind, Gulf obtained a default judgment against Demas in the full sum of $977.70, with interest at the rate of 8% per annum from December 10, 1966, plus 20% attorney's fees on the aggregate amount of principal and interest, and for all costs. On February 8, 1967 notice of the judgment was served on Demas in accordance with the provisions of LSA-C.C.P. Art. 4898. Demas did not apply for a new trial and did not appeal.
On March 3, 1967, after expiration of the time allowed by LSA-C.C.P. Art. 5002 for taking an appeal, Demas filed a petition to annul the judgment on the ground of fraud or ill practices. Gulf filed an exception and an answer to that petition. Following trial thereon there was judgment in favor of Gulf and against Demas, dismissing the latter's suit to annul. Demas has prosecuted this appeal from that judgment.
Gulf's petition in the original suit on the note alleged: It (Gulf) was the payee and owner of the note which was executed by Demas on November 15, 1966 in the principal sum of $977.70, payable at New Orleans in 30 monthly installments of $32.59 each, with 8% per annum interest thereon from maturity until paid, and provided for 20% attorney's fees in the event it became necessary to employ an attorney to enforce collection; *857 no payment was made on the note; and it became in arrears on December 10, 1966 when the first installment became due and was not paid, whereupon all installments immediately became due under the note's terms. The petition prayed for judgment in favor of Gulf and against Demas in the sum of $977.70, with 8% interest thereon from December 10, 1966 until paid and for 20% attorney's fees on the aggregate amount of principal and interest, and for all costs. The note was annexed to the petition.
On the day the default judgment was obtained Gulf filed an affidavit by its president on a form supplied by the court. In pertinent part the affidavit stated: "* * * the true and correct amount owed to plaintiff [Gulf] on said note by the above named defendant(s) [Demas] is $977.70 plus interest and attorney's fees as prayed for * * *."
On the trial of the suit to annul Demas offered only the testimony of one witness, a Gulf employee; no other evidence was taken or received during the course of that trial. The employee testified: Approximately two months before the execution of the note in suit Demas had obtained a prior loan from Gulf in connection with his purchase of a television set; he had made two monthly payments on that previous balance when a new loan, which included that balance, was made; the note in suit was given for the new loan; $977.70, the principal amount of the note, represented a total of $650 in cash received by Demas from Gulf, a life insurance premium in the amount of $24.45, and $303.25 in unearned discount for 30 months.
Appellant contends the judgment sought to be annulled is erroneous in that the capitalized interest unearned as of the accelerated maturity date of the note should have been remitted and a credit allowed therefor, citing Berger v. DeSalvo, La.App., 156 So. 2d 323, and the affidavit of Gulf's president stating the true and correct amount due by Demas to Gulf was $977.70 plus interest and attorney's fees as prayed for" was legally incorrect, resulted in the failure of the judgment to remit that interest and constituted fraud or ill practice sufficient to annul the judgment. In the latter instance, relative to annulment, he relies on Brown v. South Street Lumber Company, La.App., 195 So.2d 650.
Berger v. DeSalvo, supra, does hold that where the holder of a note payable in installments, in which future interest has been capitalized and which provides for stipulated interest after maturity, accelerates the note's maturity and sues thereon he is entitled to recover only the stipulated interest from the date of accelerated maturity and must remit the capitalized interest unearned as of that date. As these facts are present in the instant case, appellant correctly contends the judgment sought to be annulled erroneously failed to remit capitalized interest unearned as of December 10, 1966, the accelerated maturity date of the note in suit. However, we are of the opinion he cannot avail himself of that defense in his action to annul.
LSA-C.C.P. Art. 2004 provides, inter alia: "A final judgment obtained by fraud or ill practices may be annulled." Our settled rule is that the plaintiff in a suit to annul must allege and prove good reason or cause for his failure to timely appear and plead any defense he may have had, i.e., that he was deprived of the knowledge of the existence of the defense relied on, or of the opportunity timely to present it, by some fraud or ill practice on the part of the other party; a default judgment, otherwise legally valid, cannot be set aside and avoided for the purpose of affording a defendant an opportunity to offer a defense solely because that judgment is erroneous and such action would be in furtherance of justice. De Frances v. Gauthier, 220 La. 145, 55 So.2d 896; Adams v. Perilloux, 216 La. 566, 44 So.2d 117; Steele v. Ruiz, La.App., 202 So. 2d 376; Pryor v. Gions, La.App., 188 So.2d 739; Grant v. Securities Finance Company, La.App., 173 So.2d 356; Dixson v. Carter, *858 La.App., 138 So.2d 227; Scruggs v. Butler Furniture Co., La.App., 104 So.2d 178; Vinson v. Picolo, La.App., 15 So.2d 778.
In the instant case the record discloses no cause or reason for the failure on the part of Demas to timely defend against Gulf's suit on the sole issue concerning which he now complains, the legal requirement that Gulf remit unearned capitalized interest from the date of accelerated maturity. We do not find that the affidavit of Gulf's president in any manner caused Demas to be deprived of his opportunity to make such a timely defense. It occurs to us that the petition itself and the prayer of the petition have the opposite effect since they fully informed Demas of the fact that Gulf was seeking both the full principal of the note, including all capitalized interest whether earned or unearned, and 8% interest per annum thereon from the accelerated maturity date. In pertinent part the affidavit simply refers to the prayer in connection with principal and interest allegedly due.
While we wish to avoid giving the impression we agree with the holding in Brown v. South Street Lumber Company, supra, the case relied on by appellant, that case is distinguishable. In Brown the court held the affidavit of the lumber company's executive officer constituted sufficient ill practice as to result in annulling a default judgment for materials sold because it erroneously stated the contractor who had ordered the materials from the plaintiff lumber company was an authorized agent of the defendant and the latter had been contacted in advance of the sale to ascertain that fact. Thus in Brown the default judgment was based on erroneous evidence involving a question of fact. Here the question is solely one of law. In addition, in Brown the ill practice found by the court resulted in the nullity of the default judgment in its entirety; here the default judgment is erroneous only in part.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.