320 So.2d 348 (1975)
Henry F. JONES
v.
Waldo L. DECUERS.
No. 7014.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1975.
*349 W. Donald Cashio, New Orleans, for plaintiff-appellee.
James Burnett Aime, New Orleans, for defendant-appellant.
Before REDMANN, BOUTALL and MORIAL, JJ.
MORIAL, Judge.
This is an action for nullity of a $13,073.55 default judgment. An original action for damages was filed January 4, 1967 and served personally upon defendant. A preliminary default was taken on September 29, 1969 by plaintiff's counsel of record who, thereafter, filed a motion to withdraw on November 30, 1970. This motion was not served on opposing counsel. On November 19, 1971 and March 28, 1973 motions for substitution of counsel were filed by each of plaintiff's succeeding counsel. Neither motion was served upon opposing counsel.
A default judgment was taken on March 28, 1973 by plaintiff's present substituted counsel. After 90 days defendant was advised of the judgment and payment was demanded. Defendant thereafter filed an action for nullity of judgment which trial was held on January 29, 1974. Judgment was rendered dismissing defendant's action. Defendant appeals. We affirm.
Defendant asserts the trial court erred in: 1) failing to annul the judgment for "vices of form" (LSA-C.C.P. Art. 2002) and "ill practices" (LSA-C.C.P. Art. 2004) due to the absence of service of the ex parte motions to withdraw and to substitute counsel; and 2) refusing to admit evidence relative to the facts on which the default judgment was rendered in an attempt to show fraud under LSA-C.C.P. Art. 2004.
Plaintiff asserts the judgment was rendered without any vices of form or substance and that the trial judge was correct in dismissing the action for nullity.
LSA-C.C.P. Art. 2002 provides in pertinent part:
"A final judgment shall be annulled if it is rendered:
* * * * * *
(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken; * * *"
LSA-C.C.P. Art. 1312 further provides in pertinent part:
"Except as otherwise provided in the second paragraph hereof, every pleading *350 subsequent to the original petition shall be served on the adverse party as provided by Article 1313 or 1314, whichever is applicable."
* * * * * *
A motion to substitute counsel is a pleading which requires service upon an adverse party under LSA-C.C.P. Art. 1312. See LSA-C.C.P. Book II, Tit. 1, Chapter 4, Preliminary Statement; 28 La.L.R. 552. Nevertheless, we conclude that this failure to serve does not constitute grounds for nullity under LSA-C.C.P. Art. 2002. Comment d to C.C.P. Art. 2002 indicates that Subsection 2 only applies when there has been a total lack of citation of the original petition or when citation is defective. Here, defendant has admitted that he was personally served with process in the original action and the record indicates he also made an appearance in a rule to traverse. Accordingly, the judgment cannot now be nullified for "vices of form."
The failure of the defendant to be served with the motions also does not constitute an ill practice which would annul the judgment for vices of substance under LSA-C.C.P. Art. 2004. LSA-C.C.P. Art. 2004 provides:
"A final judgment obtained by fraud or ill practices may be annulled."
* * * * * *
To come within this article and have a default judgment nullified, one must demonstrate how he was prevented or excused from asserting his defenses. Pryor v. Gions, 188 So.2d 739 (La.App. 2 Cir. 1968). Defendant has not shown, since he was represented by counsel, how failure to be notified of the changes of plaintiff's counsel prevented him from filing an answer. Defendant had six years to act. He did nothing. Any improper procedure which enables a party to obtain a final judgment is subject to an action for nullity under LSA-C.C.P. Art. 2004. However, in Alonso v. Bowers, 222 La. 1093, 64 So.2d 443, 444 (1953) it is stated:
"* * * The courts have looked at each case from a purely equitable viewpoint to ascertain whether allowing the judgment to stand would be inequitable or unconscionable in view of the practice or procedure which enabled the party to obtain such judgment. * * *"
We find that the failure to serve the three ex parte motions did not in any way result in an inequitable situation. We cannot see how service of these motions could have prevented a default judgment from being rendered and, accordingly, the judgment will not be annulled for ill practices.
Finally, the trial judge did not err in refusing to hear defendant's testimony relative to the merits of the original action for damages. Defendant wished to show through his own testimony and that of an eye witness to the accident that plaintiff's testimony at the default confirmation was perjured. An action for nullity may be proper where perjury is evident. Dare v. Myrick, 168 So.2d 845 (La.App. 2 Cir. 1964). However, all possible inconsistencies in testimony do not necessarily indicate perjury. Default judgments cannot be reopened each time a litigant asserts mere vague allegations of impropriety resting solely upon possible inconsistencies in testimony.
The plaintiff having established no grounds for nullity of this judgment, the case must now and forever be put to rest. The judgment of the trial court is affirmed. Plaintiff to pay all costs.
Affirmed.