430 So.2d 199 (1983)
Katherine GRAMM and Jim Gramm, Plaintiffs-Appellees,
v.
Clinton N. BROCK, Defendant-Appellant.
No. 15302-CA.
Court of Appeal of Louisiana, Second Circuit.
March 28, 1983.
Rehearing Denied May 5, 1983.
*200 Leroy H. Scott, Jr., Shreveport, for defendant-appellant.
C. William Gerhardt, Shreveport, for plaintiffs-appellees.
Before PRICE, JASPER E. JONES and NORRIS, JJ.
PRICE, Judge.
This is an appeal from the judgment of the City Court of Shreveport ordering the annulment of a default judgment previously rendered by that court. The sole basis on which the trial court ordered the annulment was that "to deprive two defendants of an opportunity to properly litigate substantive rights under the circumstances of this case would be unconscionable...." There was no allegation of fraud and the trial court found no ill practice had occurred on the part of the attorney who procured the default judgment.
We find the judgment appealed to be contrary to the statutory authority for annulment of judgments and the jurisprudence interpreting same and reverse for the reasons assigned.
This matter arose out of domestic litigation between Clinton N. Brock and his wife, Dorothy Humphrey Brock. Brock filed suit in Shreveport City Court against his wife and her relatives, Jim and Katherine Gramm, seeking sequestration of an automobile in his wife's possession. He also sought damages for the tortious conversion of the automobile. The Gramms employed the attorney representing Mrs. Brock in her separation suit to defend them in the City Court proceeding. The attorney, William Gerhardt, directed a letter on May 7, 1981, to Mr. Brock's attorney, Leroy Scott, requesting an informal extension of time in which to file responsive pleadings. Gerhardt's letter requested that Scott sign and return an acknowledgment agreeing to the extension. The acknowledgment was not signed and returned by Scott as requested.
Gerhardt contends the letter to Scott was either mailed on May 7 or was hand delivered *201 to Scott's office on this date. Scott denies having received such a letter and on May 12 he took judgment by default against all three defendants. Gerhardt wrote to Scott again on May 22, 1981, requesting an additional extension and upon receipt of this letter, Scott advised Gerhardt he had not received his prior communication and that he had already obtained judgment by default on May 12.
On this appeal Brock contends the annulment of his judgment was in error because none of the grounds for a declaration of nullity under La.C.C.P. Art. 2004 existed. This article provides that "a final judgment obtained by fraud or ill practices may be annulled." There is no claim of fraud in the instant case. Therefore, in order to prevail plaintiffs must be able to show some "ill practice" in obtaining the judgment.
No definition of the term "ill practices" is given in the Louisiana Code of Civil Procedure, but the Louisiana Supreme Court, in Johnson v. Jones-Journet, 320 So.2d 533 (La.1975), enunciated the two criteria set forth in our jurisprudence to determine whether a judgment had been obtained by actionable fraud or ill practices. It must be shown that:
(1) the circumstances under which the judgment was rendered showed the deprivation of legal rights of the litigant seeking relief, and (2) the enforcement of the judgment would have been unconscionable and inequitable. Id., at 537.
Our courts have examined each case from an equitable viewpoint to ascertain whether allowing the judgment to stand would be inequitable or unconscionable considering the practice by which the party was able to obtain the judgment. Alonso v. Bowers, 222 La. 1093, 64 So.2d 443 (1953). A party seeking an annulment must demonstrate how he was prevented or excused from asserting any defenses he may have had, i.e., that he was deprived of the knowledge of the existence of the defense relied on, or of the opportunity to prevent it, by some fraud or ill practice on the part of the other party. Jones v. DeCuers, 320 So.2d 348 (La.App. 4th Cir.1975); Gulf Acceptance Loan Corporation v. Demas, 205 So.2d 855 (La.App. 4th Cir.1968).
While specifically finding neither party at fault, the trial court nullified the judgment on the grounds that the default judgment was made possible by outside circumstances over which neither party had control. However, this is an insufficient basis for annulling a final judgment obtained without artifice. A default judgment, otherwise legally valid, cannot be set aside and avoided for the purpose of affording a defendant an opportunity to offer a defense solely because that judgment is erroneous and such action would be in furtherance of justice. Gulf Acceptance Loan Corporation v. Demas, supra.
Plaintiffs rely on the case of Albert v. Lirette, 394 So.2d 761 (La.App. 4th Cir. 1981), in support of their claim for nullity. That case involved a default judgment taken after the expiration of a formal motion for extension of time in which to plead. The judgment was annulled because plaintiffs' attorney failed to bring the expired motion to the attention of the judge in confirming the default. He introduced the entire suit record into evidence and purported to list all the documents therein for the benefit of the court. However, he did not include the expired motion in this list. The trial judge who rendered the default judgment testified that he, not being the one who granted the motion, would have referred the case back to the original judge had he known of the motion. While holding that annulment was merited because of the attorney's omission, the court nonetheless emphasized that lack of notice to the defense counsel prior to obtaining a default judgment does not constitute fraud or ill practice unless counsel is misled by plaintiffs' attorney on the question of such notice, citing Pace v. Reasing Rivers Construction Company, 377 So.2d 530 (La.App. 3d Cir.1979).
The instant state of affairs was occasioned by counsel for the Gramms. He requested a signed acknowledgment from the opposing attorney that the extension *202 was agreeable. The failure to receive the acknowledgment promptly should have alerted him to make further inquiry.
These circumstances, while unfortunate, do not constitute an ill practice which would render the enforcement of the judgment obtained by default inequitable or unconscionable. We therefore find the trial court was in error in ordering the annulment of the judgment.
For the reasons assigned, the judgment appealed is REVERSED and set aside, and the judgment of the City Court of Shreveport, No. R-51,958, in favor of Clinton N. Brock and against Katherine Gramm and Jim Gramm, is hereby reinstated. All costs of this appeal are assessed against plaintiffs-appellees.
REVERSED AND RENDERED.