|2GOTHARD, Judge.
This is an appeal of a trial court judgment which dismissed defendant’s petition to annul judgment, for injunction and for declaratory judgment. For the following reasons, we vacate and remand.
FACTS
On March 30, 1973, plaintiff, Toni Joan Bennett (Bennett) and defendant, Craig Lee Christopher (Christopher) were married. Two children were born of this marriage. On July 25, 1979, Bennett filed a petition for separation from bed and board in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana (the parties’ domicile). On September 11, 1979, a judgment ordering Christopher to pay child support in the amount of $150.00 per week was rendered. Thereafter, on March 9, 1984, Bennett was granted a divorce from Christopher. Forming part of the divorce judgment was an award of permanent custody of the minor children to Bennett and an order continuing the $150.00 per week child support obligation against Christopher.
|3On May 17, 1988, pursuant to a consent decree between Christopher and Bennett, a judgment was rendered. This judgment made executory $39,000.00 in past due child support owed to Bennett by Christopher. Four years later, Christopher again entered into a consent decree with Bennett, wherein he was in arrearage of child support totalling $98,000.00 as of May 6, 1992. On May 12, 1992, pursuant to the second consent decree, another judgment was rendered in favor of Bennett and against Christopher in the amount of $98,000.00. The judgment awarded interest from the date of judgment, made the judgment executory, and awarded Bennett reasonable attorney’s fees in the collection of the judgment.
On April 22, 1993, Christopher filed a petition to annul judgment, for injunction, and for declaratory judgment, asking the trial court to annul the May 12, 1992 judgment, asking that an injunction issue to enjoin Bennett and the Sheriff of Jefferson Parish from enforcing a writ of fieri facias and garnishment, and asking that a declaratory judgment issue, declaring the judgment rendered May 17,1988 to be satisfied in full. Thereafter, Christopher amended his petition to allege that the May 17,1988 consent judgment should be annulled for fraud and ill practices, or in the alternative, that the consent judgment was entered into by Christopher under an error as to the principal cause.
On November 4, 1993[1], a trial on the merits was held. While arguments of each counsel were made, the trial court restricted the testimony which could be presented, and none was heard. On December 1, 1993, judgment was rendered, dismissing with prejudice Christopher’s petition to annul judgment, for |4injunction and for declaratory judgment and his amended petition to annul judgment, for injunction and for declaratory judgment. It is from this judgment that Christopher appeals, assigning two errors: 1) the trial judge erred in not nullifying the alleged “consent” judgment of May 12, 1992, on the basis of lack of subject matter jurisdiction, and 2) the trial court erred as a matter of law in failing to recognize that a consent judgment is subject to the rules of contract and not the more stringent rules governing final judgments on the merits, thereby confusing the legal standard applicable to “incapacity” as a grounds for nullity of judgment with permissible evidence of the vices of consent to a contract.
*734 SUBJECT MATTER JURISDICTION
In his appellate brief, Christopher argues that since the first consent judgment of May 17, 1988 was a valid final judgment, the trial court was without jurisdiction to later alter that judgment via the consent judgment of May 12, 1992. While it is true that once a valid final judgment is rendered, a trial court cannot thereafter alter or amend the substance of that judgment (LSA-C.C.P. art. 1951), in the matter before us, no amended judgment exists. The September 11, 1979 judgment which established the obligation of Christopher to pay child support for his two minor children in the amount of $150 per week is a continuing obligation, the substance of which has never been amended[2].
NULLITY OF JUDGMENTS
Articles 2001 through 2006 of the Louisiana Code of Civil Procedure set forth the exclusive grounds for an action for nullity of judgments. Allbritton v. Trottie, 415 So.2d 640 (La.App. 3rd Cir.1982). LSA-C.C.P. art. 2004 provides: |5“A final judgment obtained by fraud or ill practices may be annulled. An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.”
The annulment of a judgment under this provision is not limited to cases of actual fraud or intentional wrongdoing. Rather, the criteria for determining whether a judgment has been rendered through fraud or ill practices are: (1) whether the circumstances under which the judgment was rendered show the deprivation of the legal rights of the litigant who seeks relief; and (2) whether the enforcement of the judgment would be unconscionable and inequitable. State v. Batchelor, 597 So.2d 1132, 1135 (La.App 1st Cir.1992), writ denied, 604 So.2d 964 (La.1992), citing Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983) and Phillips v. Patin, 517 So.2d 190 (La.App. 1st Cir.1987).
“Ill practice” has been broadly defined as any improper practice or procedure which operates, even innocently, to deprive a litigant of some legal rights. Homer National Bank v. Nix, 566 So.2d 1071 (La.App. 2nd Cir.1990) and Gramm v. Brock, 430 So.2d 199 (La.App. 2nd Cir. 1983).... When ill practices are alleged, the court must examine the case from an equitable viewpoint to determine whether the party seeking annulment has met the burden of showing “how he was prevented or excused” from asserting his claims or defenses. Gramm, supra. Foret v. Terrebone Ltd., 631 So.2d 103, 105 (La.App. 5th Cir.1994).
The two consent judgments complained of by appellant apparently calculated the total amount Christopher owed in child support at the respective time of each judgment and assigned that figure as the amount of the judgment. However, an error exists if the amount of the May 12, 1992 judgment was calculated from the beginning of Christopher’s obligation (the September 11, 1979 judgment), and the May 17, 1988 judgment was still valid. If this is the case, Christopher would be liable to pay $150 per week from September 11, 1979 until May 17, 1988 twice (once for the first consent judgment and once for the second consent judgment). It does not appear from the record that Christopher consented to pay double for this period, especially since the record reflects that Christopher was unrepresented by counsel when he entered into both |6consent judgments and both consent judgments were drawn up by counsel for Bennett. Further, it would be inequitable for Christopher to pay double for this period. Therefore, it appears that Christopher may have a cause of action for nullity of judgment under LSA-C.C.P. art. 2004.
This apparent error was alleged in Christopher’s petition to annul judgment, for injunction, and for declaratory judgment. In her answer to the petition, Bennett denied the allegation. However, no further discussion on this issue appears in the record before us. At the trial on the merits, the trial judge refused to hear any testimony unless it *735 addressed Christopher’s capacity to enter into either consent judgment at the time he entered into them. Since counsel for Christopher intended to show at trial that the consent judgments were obtained through fraud or ill practices and/or that some error existed which vitiated Christopher’s consent, no testimony was heard.
There is also nothing in the record which reflects how the figures for either consent judgment were reached. The trial judge erred by refusing to hear testimony at the trial on the merits which could have established whether either or both of the consent judgments were obtained through fraud or ill practices, or how the consent judgment figures were calculated.
After reviewing the entire record, it- is clear that Christopher owes Bennett $150.00 per week in child support from the September 11,1979 judgment. However, because of the lack of testimony and evidence in the record before us, we do not know whether the two consent judgments rendered against Christopher correctly reflect Christopher’s total indebtedness, nor can we make a proper determination as to whether Christopher’s petition to annul judgment, for injunction and for declaratory judgment should have been granted.
|7For these reasons, we must vacate the trial court’s December 1, 1993 judgment and remand the matter to the trial court for a proper trial on the merits to determine whether either of the consent judgments were obtained through fraud or ill practices, and, if so, then to determine Christopher’s total indebtedness from the September 11, 1979 judgment.
VACATED AND REMANDED.

. The judgment lists November 9, 1993 as the trial date. However, the transcript of the trial lists November 4, 1993 as the trial date. In any event, the exact date of trial is not of consequence to the issues before us today.

. We note that in the record before us, there is a judgment dated June 6, 1993, which reduced Christopher's child support obligation from $150.00 per week to $300 per month. No portion of this judgment is before us on appeal and the judgment forms no part of our opinion.