CHIEL KIMBLE        *       NO. 2020-C-0286

VERSUS            *

                       COURT OF APPEAL

CURAHEALTH NEW      *
ORLEANS, LLC               FOURTH CIRCUIT

                    *

                       STATE OF LOUISIANA

            * * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-11275, DIVISION "A"
Honorable Ellen M Hazeur, Judge
* * * * * *
**Judge Terri F. Love**
* * * * * *

(Court composed of Judge Terri F. Love, Judge Roland L. Belsome, Judge Joy Cossich Lobrano)

**LOBRANO, J., CONCURS IN THE RESULT**

Louis L. Gertler
Helen H. Babin
Gertler Law Firm, LLP
935 Gravier Street, Suite 1900
New Orleans, LA 70112

       COUNSEL FOR PLAINTIFF/RELATOR, CHIEL KIMBLE

Matthew C. Juneau
Baker Donelson Bearman Caldwell & Berkowitz, PC
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170

       COUNSEL FOR DEFENDANT/RESPONDENT, CURAHEALTH NEW
       ORLEANS, LLC

                   **WRIT GRANTED; VACATED AND REMANDED**
                                  **July 8, 2020**

*TFL*

*RLB*

This application for supervisory review arises from the confirmation of a default judgment. Defendant filed a motion for new trial after receiving notice that the trial court confirmed plaintiff's default judgment. The trial court granted the motion for new trial and vacated the confirmed default judgment because the defendant was not served with the motion resetting the confirmation hearing. Plaintiff sought supervisory review contending that the trial court erred because service was not required when the defendant had neither filed any pleadings nor made any appearances.

We find that service was not required. Therefore, the trial court abused its discretion by granting the motion for new trial and vacating the confirmed default judgment. The judgment of the trial court is vacated and the matter is remanded for consideration of the motion for new trial regarding the sufficiency of the evidence claims.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On October 28, 2017, Mr. Kimble suffered a severe spinal injury as the result of a fall on his jobsite. Despite numerous surgeries, he remains a quadriplegic. Mr. Kimble was transferred to Curahealth's long-term care facility

1

on November 17, 2017, and soon thereafter developed several severe decubitus ulcers and skin breakdown. Curahealth's records reflect that despite physician's orders that Mr. Kimble be turned every two hours to prevent pressure wounds, it failed to implement this customary wound care even after a sacral decubitus ulcer had been discovered and confirmed. The wound grew worse as the result of improper care.

Mr. Kimble was readmitted to East Jefferson General Hospital on December 9, 2017. Doctors discovered that he now suffered with a sacral IV decubitus ulcer that containing necrotic tissue was deemed "Unstageable." Physicians also discovered that Mr. Kimble's left and right heels presented decubitus ulcers labeled "Deep Tissue Injury." Due to the onset of infection from the sacral ulcer as well as a urinary infection, Mr. Kimble developed C. Dificile Colitis, caused or triggered by the specific antibiotic therapy he needed to fight the sacral wound infection. The antibiotic, in turn, caused diarrhea and/or a triggering of C. Difficile infection, with colitis and chronic diarrhea, which became a source of infection at the sacral decubitus ulcer site.

On March 9, 2018, doctors performed a colostomy procedure in an attempt to keep the sacral wound site free of diarrhea and allow the wound a chance to heal. Mr. Kimble's wound treatment has since required multiple admissions to East Jefferson General Hospital for both wound and colostomy care.

Mr. Kimble's petition for medical malpractice damages was filed against Curahealth[1] on November 8, 2018, in the Orleans Parish Civil District Court. On January 7, 2019, Curahealth was served through its agent for service of process.

---

[1] Curahealth is not a qualified healthcare provider.

Curahealth does not dispute that it did not answer the petition or file any appearance despite valid service.

On February 27, 2019, the trial court granted an order of preliminary default. The order was served on Curahealth on March 18, 2019. Curahealth did not answer the petition or make any appearance after being served with the order for preliminary default.

Almost eight months later, on August 5, 2019, Mr. Kimble filed a motion to confirm the default and served Curahealth with citation and petition. A hearing date of September 13, 2019, was set. Mr. Kimble, on August 28, 2019, requested a special setting for the taking of live testimony and filed a motion to reset. The hearing for confirmation of the default judgment was set by the trial court for December 9, 2019.

At the December 9, 2019 hearing, Mr. Kimble offered nineteen exhibits as well as expert testimony from his treating physician and testimony from his mother, who is also his primary caregiver. The transcript of that hearing reflects that the trial court found that Mr. Kimble had offered sufficient proof to establish a *prima facie* case of medical negligence against Curahealth. Mr. Kimble was awarded a judgment of $1,145,891.81 in damages based upon the medical cost evidence and the expert testimony. A notice of judgment was issued on December 9, 2019.

On January 2, 2020, Curahealth filed a motion for new trial, contending that the December 9, 2019 judgment ruling granting Mr. Kimble's default judgment against Curahealth was null for lack of service. The trial court granted Curahealth's request for hearing and set the matter for March 13, 2020. Mr. Kimble filed a motion to strike Curahealth's motion for new trial, asserting that

Curahealth's motion improperly combined an insufficiency of evidence claim with a nullity claim.

During the motion for new trial hearing held on March 13, 2020, the trial court admitted numerous exhibits including hospital records, records of Mr. Kimble's expenses, and testimonial evidence including affidavit testimony from Mr. Kimble, testimony by Mr. Kimble's mother as his primary caregiver, and from Dr. Robert Songy, an internist specializing in nursing home care and long-term care who described Mr. Kimble's condition in graphic detail and provided the trial court with his expert opinion regarding Mr. Kimble's prognosis.

At the conclusion of the hearing, Mr. Kimble's motion to strike Curahealth's motion for new trial was denied, and the trial court granted Curahealth's motion for new trial, finding that the December 9, 2019 final default judgment against Curahealth was null for lack of service. The trial court opined that Mr. Kimble should have served Curahealth with the motion to reset the September 13, 2019 hearing to December 9, 2019. The trial court did not rule on Curahealth's insufficiency claims.

Mr. Kimble filed this application for supervisor review contending that the trial court erred by granting Curahealth's motion for new trial because service was not required where the defendant had not filed any pleadings or appeared before the trial court.

### STANDARD OF REVIEW

"The applicable standard of review in ruling on a motion for new trial is whether the district court abused its discretion." *Pitts v. Louisiana Med. Mut. Ins. Co.*, 16-1232, p. 10 (La. 3/15/17), 218 So. 3d 58, 66.

### SERVICE

Mr. Kimble relies upon *Jones v. Decuers*, 320 So. 2d 348, 350 (La. App. 4th Cir. 1975), wherein the defendant testified that he was served and that he made an appearance in court on a motion to traverse, but argued in his motion for nullity that he should have been served with several motions filed by the plaintiff. This Court concluded that the failure to serve did not constitute grounds for nullity under La. C.C.P. art. 2002.[2] *Id.* This Court found that Comment (d) Subsection 2 only applies when there has been a total lack of citation of the original petition or when citation is defective. *Id.* Because the defendant in *Jones* admitted that he was served with the petition and actually made an appearance before the trial court on a rule to traverse, the judgment would not be nullified for "vices of form." *Id.*

Mr. Kimble further asserts that Curahealth had adequate notice pursuant to *Mooring Fin. Corp. 401(K) Profit Sharing Plan v. Mitchell*, 08-1250 (La. App. 4 Cir. 6/10/09), 15 So. 3d 311. The *Mooring* Court opined:

> While a default judgment may be attacked for procedural defects and vices of form, or ill practices, a defendant who fails to properly make an appearance of record, once properly served, has received adequate notice that a legal process has been initiated against him that may affect his rights. If that defendant fails to take any action *i.e.,* by filing a responsive pleading, then a plaintiff may proceed with obtaining a preliminary default, and then *after the appropriate legal delays,* a judgment of default may be properly confirmed against the defendant.

08-1250, p. 12, 15 So. 3d at 320. The *Mooring* Court further found that to nullify a

---

[2] La. C.C.P. art. 2002 provides:
A. A final judgment shall be annulled if it is rendered:
(1) Against an incompetent person not represented as required by law.
(2) Against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid final default judgment has not been taken.
(3) By a court which does not have jurisdiction over the subject matter of the suit.
B. Except as otherwise provided in Article 2003, an action to annul a judgment on the grounds listed in this Article may be brought at any time.

judgment, a defendant must demonstrate how he was prevented or excused from asserting his defenses. 08-1250, p. 11, 15 So. 3d at 319, citing *Jones*, 320 So. 2d at 350.

Mr. Kimble notes that Curahealth failed to file a responsive pleading or to take any action during the nearly ten months between service of the petition and the final judgment. *See* La. C.C.P. art. 1843.[3] Mr. Kimble avers that while a default judgment may be attacked for procedural defects and vices of form or for ill practices, pursuant to La. C.C.P. art. 1843, a default judgment is final when a defendant fails to plead within the time prescribed by law. Once properly served with the citation and petition, the defendant has received adequate notice that a legal proceeding has been initiated against him that may affect his legal rights.

Additionally, Mr. Kimble contends that the service provisions of La. C.C.P. art. 1701[4] and 1702,[5] the default statutes, do not apply to the Curahealth, who

---

[3] La. C.C.P. art. 1843 provides:
> A final default judgment is that which is rendered against a defendant who fails to plead within the time prescribed by law.

[4] La. C.C.P. art. 1701 provides:
> A. If a defendant in the principal or incidental demand fails to answer or file other pleadings within the time prescribed by law or by the court, a preliminary default may be entered against him. The preliminary default may be obtained by oral motion in open court or by written motion mailed to the court, either of which shall be entered in the minutes of the court, but the preliminary default shall consist merely of an entry in the minutes.
> B. When a defendant in an action for divorce under Civil Code Article 103(1), by sworn affidavit, acknowledges receipt of a certified copy of the petition and waives formal citation, service of process, all legal delays, notice of trial, and appearance at trial, a preliminary default may be entered against the defendant the day on which the affidavit is filed. The affidavit of the defendant may be prepared or notarized by any notary public. The preliminary default may be obtained by oral motion in open court or by written motion mailed to the court, either of which shall be entered in the minutes of the court, but the preliminary default shall consist merely of an entry in the minutes. Notice of the entry of the preliminary default is not required.

[5] La. C.C.P. art. 1702 states, in pertinent part:
> A. A preliminary default must be confirmed by proof of the demand that is sufficient to establish a prima facie case and that is admitted on the record prior to the entry of a final default judgment. The court may permit documentary evidence to be filed in the record in any electronically stored format authorized by the local

6

completely failed to make an appearance following proper service.

In its memorandum in support of its motion for new trial, Curahealth asserts that the judgment rendered at the December 9, 2019 hearing was procedurally defective because it was not served with the order setting the hearing on Mr. Kimble's motion to confirm preliminary default as is required under La. C.C.P. art. 1312.[6] Curahealth notes that the December 9, 2019 hearing on Mr. Kimble's motion to confirm, which had been originally set for September 3, 2019, was reset on August 5, 2019, by an order signed on August 28, 2019. No attempt at service of that order was made on Curahealth.[7]

---

rules of the district court or approved by the clerk of the district court for receipt of evidence. If no answer or other pleading is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the preliminary default. When a preliminary default has been entered against a party that is in default after having made an appearance of record in the case, notice of the date of the entry of the preliminary default must be sent by certified mail by the party obtaining the preliminary default to counsel of record for the party in default, or if there is no counsel of record, to the party in default, at least seven days, exclusive of holidays, before confirmation of the preliminary default.

\* \* \*

B. (2) When a demand is based upon a delictual obligation, the testimony of the plaintiff with corroborating evidence, which may be by affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case, shall be admissible, self-authenticating, and sufficient proof of such demand. The court may, under the circumstances of the case, require additional evidence in the form of oral testimony before entering a final default judgment.

[6] La. C.C.P. art. 1312 provides:

Except as otherwise provided in the second paragraph hereof, every pleading subsequent to the original petition shall be served on the adverse party as provided by Article 1313 or 1314, whichever is applicable.

No service on the adverse party need be made of a motion or petition for an appeal, of a petition for the examination of a judgment debtor, of a petition for the issuance of garnishment interrogatories in the execution of a final judgment, or of any pleading not required by law to be in writing.

[7] Curahealth also contended that the judgment should be vacated on the merits because Dr. Robert Songy, Mr. Kimble's expert witness, allegedly failed to establish the prevailing standard of care applicable to the healthcare providers and staff who cared for Mr. Kimble, that a violation by those providers of that standard during Mr. Kimble's treatment had occurred, or that there was a causal connection between Curahealth's alleged negligence and Mr. Kimble's subsequent injuries. Curahealth maintained that Dr. Songy offered no opinion regarding the standard of care provided by Mr. Kimble's treating physician at Curahealth, Dr. Joshua Lowentritt, or whether Dr. Lowentritt specifically breached any standard of care. Nor did Dr. Songy allege that such a breach by Dr. Lowentritt was the cause of Mr. Kimble's injuries, or offer an opinion as to the prevailing standards within the local nursing home community. Curahealth further avers that Dr. Songy testified concerning the unlikely possibility of a procedure to remove Mr. Kimble's

7

In opposition to Mr. Kimble's writ application, Curahealth contends that the trial court did not abuse its discretion in granting Curahealth's motion for new trial and that Mr. Kimble's assertions misstate the central issue. Curahealth cites La. C.C.P. art. 1973, which provides: "A new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law." Curahealth asserts that Mr. Kimble's reliance upon La. C.C.P. art. 2001[8] and La. C.C.P. art. 2002 is misplaced and that the result in *Mooring* does not apply. Curahealth contends that it did not file a nullity action regarding the default judgment under La. C.C.P. art. 2001, *et. seq.* and was not required to do so. Curahealth instead asserts that it filed a motion for new trial asking the trial court to vacate the default judgment based on Mr. Kimble's failure to serve Curahealth with the order setting the December 9, 2019 hearing on Mr. Kimble's motion to confirm the preliminary default against it pursuant to La. C.C.P. art. 1312.

Curahealth further asserts that Article 1702 does not apply in the instant matter because it does not address service of pleadings or orders setting court dates on motions to confirm a preliminary default. Therefore, the trial court ruled correctly in finding that La. C.C.P. arts. 1312, 1313, and 1314 control required service of the confirmation notice.

The trial court did not address the issue of sufficiency, but instead based the ruling upon the question concerning whether Curahealth should have been served with notice of the December 9, 2019 hearing. Curahealth did not dispute that it

---

colostomy bag, a future cost that was nevertheless added into the computations used to arrive at a value of general damages in this case. Thus, $200,000 was allocated in the judgment for future medical expenses including the cost of reversing Mr. Kimble's colostomy, a procedure, which Dr. Songy testified the plaintiff would never undergo.

[8] La. C.C.P. art. 2001 provides:

> The nullity of a final judgment may be demanded for vices of either form or substance, as provided in Articles 2002 through 2006.

was served with the original petition through its agent for service of process on January 7, 2019. Curahealth further admitted that it was served with the order of preliminary default on March 18, 2019. The record before us does not reflect whether Curahealth was served with notice of the initial confirmation hearing date of September 13, 2019. However, it is clear that Curahealth was not served with notice of the revised default confirmation hearing date of December 9, 2019.

Curahealth cites La. C.C.P. art. 1312 for the contention that every pleading subsequent to the original petition "shall be served on the adverse party." Curahealth further asserts that La. C.C.P. art. 1313(C) requires that where a pleading or order sets a court date, "then service shall be made by either registered or certified mail or as provided in Article 1314, or by actual commercial courier."

In the instant matter, while not having made an appearance as did the defendant in *Jones*, Curahealth admits receiving personal service of the original petition. Therefore, the December 9, 2019 judgment cannot be annulled for "vices of form." Also, citing the result in *Jones,* 320 So. 2d at 350, this Court in *Mooring* found that in order to nullify a judgment of default for procedural vices of form or ill practices, that defendant once properly served having failed to take any action by filing a responsive pleading, must demonstrate how he was prevented or excused from asserting his defenses. Curahealth undisputably had adequate notice of the proceedings against it through verified service, and yet allowed nearly ten months to pass without taking any action.

Further, in *Mossy Motors, Inc. v. Cameras America,* 02-1536, pp. 10-11 (La. App. 4 Cir. 6/25/03), 851 So. 2d 336, 344, when examining an appeal of confirmed default judgment, this Court recognized that plaintiff's counsel was not obligated to notify the defendants or their counsel of his intent to confirm the

9

default, when defendants had not made an appearance in the record. The Court stated:

> Thus, knowledge that the defendant has legal representation is not the standard for overturning a default. The proper standard is the clear, objective and reasonably predictable standard ... i.e., "an appearance of record" under La. C.C.P.art. 1702(A) and as defined by the 1997 Comment to La. C.C.P. art. 1671 must occur before prior notice of intent to confirm a default is required. The mere fact that a plaintiff may have knowledge that a defendant has representation is not sufficient to require notice of default.
> \*        \*        \*
> Defendants argue that under LSA–C.C.P. art. 1702(A) the plaintiff was required to send them notice by certified mail at least seven days prior to the confirmation of the default. The plaintiff is not required to do this where, as in the instant case, the defendants have made no appearance of record. There is no merit to this assignment of error.

*Id*. This Court followed *Mossy Motors*, in *Gresham v. Prod. Mgmt.,* 02-1228, pp. 6-7 (La. App. 4 Cir. 2/11/04), 868 So. 2d 171, 177, wherein the defendant claimed that the default judgment was invalid because he did not receive notice of the entry of the default prior to confirmation thereof. The Court held that pursuant to the rationale of the *Mossy Motors* case, plaintiff's counsel was under no obligation to notify the defendant of his intent to confirm the preliminary default since defendant had not made an appearance of record in the case. *Gresham*, 02-1228, p. 7, 868 So. 2d at 177.

Moreover, the Louisiana Supreme Court has noted that "not every motion for new trial timely filed after a default judgment warrants the granting of a new trial, for not every case involves a miscarriage of justice. Certainly, the mere failure to file an answer, without more, is not sufficient grounds to grant a new trial." *Lamb v. Lamb*, 430 So. 2d 51, 53 (La. 1983).

Accordingly, notwithstanding La. C.C.P. art. 1312, 1313, and 1314, this Court's jurisprudence provides that Mr. Kimble was not required to serve

Curahealth. Thus, the trial court abused its discretion in granting the motion for new trial on the basis that the plaintiff was obligated to have the motion to reset the default confirmation hearing served on Curahealth.

### DECREE

For the above-mentioned reasons, we find that the trial court abused its discretion by granting Curahealth's Motion for New Trial and vacating Mr. Kimble's confirmed default judgment based on service. As such, the judgment of the trial court is vacated and the matter remanded for a determination regarding Curahealth's sufficiency of the evidence claims.

**WRIT GRANTED; VACATED AND REMANDED**